## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAMES R. ZAZZALI, as Trustee for the DBSI
Private Actions Trust,

        Plaintiff,

    v.

ADVISORY GROUP EQUITY SERVICES,
LTD; ADVISORY GROUP EQUITY
SERVICES PARENT CORPORATION;
ALLIANCE AFFILIATED EQUITY CORP.;
ALLIANCE AFFILIATED EQUITY CORP.
PARENT CORPORATION; ALTERNATIVE
WEALTH STRATEGIES, INC;
ALTERNATIVE WEALTH STRATEGIES,
INC. PARENT CORP.; AMERICAN
INDEPENDENT SECURITIES GROUP;
AMERICAN INDEPENDENT SECURITIES
GROUP PARENT CORP.; AMERICAN
PORTFOLIOS; AMERICAN PORTFOLIOS
PARENT CORP; AMERICAN WEALTH
MANAGEMENT INC.; AMERICAN WEALTH
MANAGEMENT INC. PARENT CORP.;
ASKAR CORPORATION; ASKAR CORP
PARENT CORP.; AXIOM CAPITAL; AXIOM
CAPITAL PARENT CORP; BRECEK &
YOUNG ADVISORS; BRECEK & YOUNG
ADVISORS PARENT CORP.; BURCH AND
COMPANY; BURCH AND COMPANY
PARENT CORP.; CALTON & ASSOCIATES;
CALTON & ASSOCIATES PARENT CORP.;
CAMBRIDGE INVESTMENT RESEARCH,
INC.; CAMBRIDGE INVESTMENT
RESEARCH PARENT CORP.; CAPITAL
ANALYSTS INCORPORATED; CAPITAL
ANALYSTS INCORPORATED PARENT
CORP.; CAPITAL FINANCIAL SERVICES;
CAPITAL FINANCIAL SERVICES PARENT
CORP.; CAPITAL MANAGEMENT
SECURITIES; CAPITAL MANAGEMENT
SECURITIES PARENT CORP.; CAPITAL
QUEST SECURITIES; CAPITAL QUEST
SECURITIES PARENT CORP.; CAPWEST

Civil Action No:

### DEMAND FOR JURY TRIAL

SECURITIES, INC.; CAPWEST SECURITIES, INC PARENT CORP; CENTAURUS; CENTAURUS PARENT CORP.; CFD INVESTMENTS INC.; CFD INVESTMENTS PARENT CORP.; COURTLANDT FINANCIAL GROUP INC; COURTLANDT FINANCIAL GROUP INC. PARENT CORP.; CREWS & ASSOCIATES, INC.; CREWS & ASSOCIATES PARENT CORP.; DAWSON JAMES SECURITIES, INC.; DAWSON JAMES SECURITIES, INC. PARENT CORP.; EQUITY SERVICES INC; EQUITY SERVICES, INC PARENT CORP.; FINANCE 500; FINANCE 500 PARENT CORP.; FINTEGRA, LLC; FINTEGRA, LLC PARENT CORP.; GREAT AMERICAN ADVISORS; GREAT AMERICAN ADVISORS PARENT CORP.; HARRISON DOUGLAS, INC.; HARRISON DOUGLAS, INC. PARENT CORP.; INLET SECURITIES LLC; INLET SECURITIES LLC PARENT CORP.; INTERMOUNTAIN FINANCIAL SERVICES; INTERMOUNTAIN FINANCIAL SERVICES PARENT CORP.; INTERVEST INTERNATIONAL;  INTERVEST INTERNATIONAL PARENT CORP.; JW COLE FINANCIAL; JW COLE FINANCIAL PARENT CORP; KMS FINANCIAL SERVICES, INC.; KMS FINANCIAL SERVICES, INC. PARENT CORP.;  LASALLE ST SECURITIES; LASALLE ST SECURITIES PARENT CORP., MCL FINANCIAL GROUP, INC.; MCL FINANCIAL GROUP, INC. PARENT CORP.; MERRIMAC CORPORATE SECURITIES, INC; MERRIMAC CORPORATE SECURITIES, INC. PARENT CORP.; MID ATLANTIC CAPITAL CORP; MID ATLANTIC CAPITAL CORP. PARENT CORP.; MONEY CONCEPTS CAPITAL CORP; MONEY CONCEPTS CAPITAL CORP. PARENT CORP.; NATIONS FINANCIAL GROUP INC.; NATIONS FINANCIAL GROUP INC. PARENT CORP.; NATIONAL SECURITIES CORP; NATIONAL SECURITIES CORP. PARENT CORP.; NEWBRIDGE SECURITIES; NEWBRIDGE

SECURITIES PARENT CORP.; NEXT
FINANCIAL GROUP; NEXT FINANCIAL
GROUP PARENT CORP.; NFP SECURITIES;
NFP SECURITIES PARENT CORP.;
NORTHLAND SECURITIES; NORTHLAND
SECURITIES PARENT CORP.; NOTMAN
FINANCIAL GROUP; NOTMAN FINANCIAL
GROUP PARENT CORP.; INVESTMENT
SECURITY CORP.; INVESTMENT
SECURITY CORP. PARENT CORP.;
OGILVIE SECURITY ADVISORS; OGILVIE
SECURITY ADVISORS PARENT CORP.;
OMNI BROKERAGE, INC.; OMNI
BROKERAGE, INC. PARENT CORP.; OMNI
PROPERTIES INC.; OMNI PROPERTIES INC.
PARENT CORP.; PARTNERVEST
SECURITIES; PARTNERVEST SECURITIES
PARENT CORP.; PARTNERVEST
FINANCIAL GROUP; PARTNERVEST
FINANCIAL GROUP PARENT CORP.;
PAVEK INVESTMENTS; PAVEK
INVESTMENTS PARENT CORP.;
PORTFOLIO ADVISORS ALLIANCE INC.;
PORTFOLIO ADVISORS ALLIANCE INC.
PARENT CORP.; PROFESSIONAL ASSET
MANAGEMENT; PROFESSIONAL ASSET
MANAGEMENT PARENT CORP.; QUESTAR
CAPITAL CORP; QUESTAR CAPITAL
CORP. PARENT CORP.; REGAL
SECURITIES INC; REGAL SECURITIES INC.
PARENT CORP.; REGENT CAPITAL
GROUP; REGENT CAPITAL GROUP
PARENT CORP.; RESOURCE HORIZONS
GROUP LLC; RESOURCE HORIZONS
GROUP LLC PARENT CORP; RP CAPITAL
LLC; RP CAPITAL LLC PARENT CORP.;
SAMMONS SECURITIES COMPANY LLC;
SAMMONS SECURITIES COMPANY LLC
PARENT CORP.; SANDERS MORRIS
HARRIS, INC; SANDERS MORRIS HARRIS
INC. PARENT CORP.; SIGMA FINANCIAL;
SIGMA FINANCIAL PARENT CORP.
STERLING ENTERPRISES GROUP, INC.;
STERLING ENTERPRISES GROUP INC.
PARENT CORP.; STEVEN L. FALK &
ASSOCIATES; STEVEN L. FALK &

ASSOCIATES PARENT CORP.; TRANSAM
SECURITIES, INC.; TRANSAM SECURITIES
INC. PARENT CORP.; and JOHN DOE 1-500,

                Defendants.

## COMPLAINT

1.       Plaintiff, James R. Zazzali, Trustee of the DBSI Private Actions Trust ("PAT"),

alleges upon the investigation made by and through his counsel, including a review of relevant

publicly available documents, court fillings, including those filed by the court-appointed

Examiner, Joshua R. Hochberg, offering documents, including those prepared by the Diversified

Business Services & Investments, Inc. ("DBSI") entities and disseminated by the Broker

Defendants, and news articles and reports concerning the DBSI entities.  This Complaint is based

upon Plaintiff's personal knowledge as to his own acts, and upon information and belief as to all

other matters, based upon the aforementioned investigation.

## NATURE OF THE ACTION

2.       This is an action brought under the Securities Exchange Act of 1934 on behalf of

members of the PAT who purchased or otherwise acquired securities in one or more DBSI

created investment offering from one or more of the Broker Defendants in what turned out to be

nothing more than a classic Ponzi[1] scheme that collapsed in November 2008 when ninety-three

(93) DBSI related entities filed petitions for bankruptcy.

---

[1]     A Ponzi scheme is defined as "A fraudulent investment scheme in which money
contributed by later investors generates artificially high dividends for the original investors,
whose example attracts larger investments.  Money from the new investors is used directly to
repay or pay interest to earlier investors, usually without any operation or revenue-producing
activity other than the continual raising of funds.  This scheme takes its name from Charles
Ponzi, who in the late 1920s was convicted for fraudulent schemes he conducted in Boston."
Black's law Dictionary at 1198 (8th ed. 2004).

3.     The DBSI Securities sold by the Broker Defendants were offered to investors through public solicitations.

4.     The private placement memoranda and related offering materials ("PPMs") pursuant to which the Broker Defendants offered and sold the DBSI Securities were materially false and misleading because they misrepresented and omitted material facts pertaining to the terms of the offerings and the use of the funds, including that certain investments were kept afloat via improper inter fund transfers and other material facts pertaining to the terms of the securities and the risks of investment in the DBSI Securities.

5.     Plaintiff brings this action under Section 10(b) of the Securities Exchange Act against the Broker Defendants and their affiliates for their role in the offer and sale of the DBSI Securities in violation of federal securities laws and pursuant to materially false and misleading prospectuses.

6.     Through this Complaint, Plaintiff seeks to recover the losses resulting from the fraudulent marketing and sale of DBSI Securities by the Broker Defendants.

7.     The relevant background regarding the factual bases for this litigation is set forth in the "Factual Background" section of this Complaint.

## PROCEDURAL HISTORY

8.     On or about November 10, 2008, numerous DBSI entities filed voluntary petitions for relief under the Bankruptcy Code ("the DBSI bankruptcy proceedings").

9.     On April 14, 2009, the Bankruptcy Court entered an Order approving the appointment of Joshua R. Hochberg as Examiner (the "Examiner"). The Examiner issued an Interim Report of his investigative findings on August 3, 2009. Based, in part, on the Examiner's preliminary findings, on September 11, 2009, the Bankruptcy Court approved the

appointment of former Chief Justice of the New Jersey Supreme Court, James R. Zazzali, as Chapter 11 Trustee for the DBSI entities.

10.     The Examiner issued his Final Report on October 19, 2009.  He reached numerous conclusions regarding financial improprieties engaged in by the DBSI entities, including improprieties in connection with the marketing and sale of DBSI Securities by the Broker Defendants, as follows:  (1) The DBSI Group businesses were in continuous need of new investor funds to fund pre-existing obligations at least as early as 2005.  DBSI engaged in excessive unwarranted insider distributions; (2) DBSI management directed that investor funds be used to meet pre-existing obligations and operating expenses by evading restrictions governing the use of the funds; (3) Loans were made from investor funds that were not backed by adequate security, debt was reallocated through after-the-fact bookkeeping entries in an effort to make it appear that loans were adequately secured, and inflated values were arbitrarily assigned to the assets "securing" loans; (4) DBSI booked profits from inflated markups of real estate for sale to outside investors.  Most of these profits were consumed by the costs of such sales.  The inflated sales prices included arrangements obligating DBSI to make guaranteed payments to investors.  But the operations of the underlying properties could not support these guaranteed investor payments; (5) The marketing claim contained in DBSI PPMs that "no investors had ever lost money" was illusory and reflected that newly raised investor funds were being used to pay off existing investors; (6) tenant-in-common ("TIC") investor (the concept of tenant-in-common investor interests in property is explained more fully under the "TIC Offerings" heading in sub-section C of the "Factual Background" section of this Complaint) and bond and note money were used interchangeably and pooled to make required payments when they came due.  Investor funds from all sources were commingled and treated as fungible.  The

same funds were transferred and retransferred between numerous entities, often on a daily basis; (7) Most of these financial statements for DBSI entities were not independently audited or certified; (8) "Accountable Reserves," which were marketed by the Broker Defendants as restricted to property improvements, were used as a source of cash for DBSI's cash strapped operating companies; (9) The DBSI related entities were managed and operated without regard for the separate identities of the companies within the DBSI Group. Transactions among companies in the DBSI Group were rarely documented properly; (10) Investor funds were routinely used for purposes not intended by the investors in order to perpetuate the DBSI Ponzi scheme, pay unearned distributions to Insiders, and fund investments in other companies.[2]

11.    On October 26, 2010, the Bankruptcy Court issued Findings of Fact, Conclusions of Law and Order Confirming Second Amended Joint Chapter 11 Plan of Liquidation in the bankruptcy proceedings. In so doing, the Bankruptcy Court made the following factual findings:

- [T]he funds of the DBSI enterprise are commingled and inter-entity claims and obligations are a hopeless tangle. The ledgers maintained by the various DBSI entities reflect transactions of staggering complexity. . . . Assets and liabilities were moved between the DBSI enterprise without regard for arms-length exchanges of value. Entities loaned money based upon collateral of dubious value. Funds were commingled and paid out without regard to source. Important transactions were insufficiently documented.

- Accountable Reserves, proceeds from the sale of notes and bonds to the Note/Bond/Fund Investors and other revenues were pooled and disbursed based upon the needs of the Debtors at the moment . . .

- [DBSI Insiders] operated the entities as a single economic enterprise. All of the entities were housed in the central DBSI offices, and their boards, officers and/or general partners were mostly the same Insiders.

- With respect to TIC Investors, DBSI guaranteed the TIC rent payments to TIC Investors and made such payments even where the TIC property generated no cash flow. Prior to the Petition Date, TIC rent payments

---

[2]    See Final Report at pp. 7-10.

were being paid to TIC Investors, with a total book expense of $8,663,050 per month (as of January 2008) and an actual monthly cash outlay of $7,945,000, which also were being fed by the stream of funds coming from new TIC Investors through their Accountable Reserves.

12.     Two trusts were created pursuant to the Plan: the Estate Litigation Trust and the

Private Actions Trust. James R. Zazzali, Esq. is the Trustee of both ("the Trustee"). Pursuant to

the Plan, the claims and causes of action asserted herein by the Trustee were transferred from

certain equity interest holders of DBSI Securities to the Private Actions Trust in exchange for

beneficial interests therein.

## THE PARTIES

### PLAINTIFF

13.     Plaintiff James R. Zazzali is the Court-approved trustee for the DBSI Private

Actions Trust (PAT).  He brings the claims asserted herein in his own name as the duly

authorized representative to hold, manage and dispose of all claims and causes of action formerly

owned by those equity interest holders of the DBSI Companies who purchased DBSI Securities

from the Broker Defendants and who have assigned their claims to the Private Actions Trust.

### DEFENDANTS

14.     Defendant Advisory Group Equity Services, Ltd is a registered broker-dealer, and

was at all relevant times, a Massachusetts corporation with its principal place of business in

Reading, Massachusetts.  Upon information and belief, Advisory Group Equity Services was at

all relevant times registered to sell securities and did sell securities in the State of Delaware.

15.     At minimum, Advisory Group Equity Services participated in the marketing and

sale of the following DBSI Securities to members of the Private Actions Trust: (1) Portofino

Tech Center Acquisition LLC; (2) 2008 Notes Corporation; and (3) 2007 Land Improvement and

Development Fund.

16.     Defendant Advisory Group Equity Services, Ltd. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Advisory Group Equity Services Ltd.  Upon information and belief, Advisory Group Equity Services Ltd. Parent Corporation actively facilitated and or participated with Advisory Group Equity Services Ltd. in the marketing and sale of DBSI Securities described in the preceding paragraph.  Advisory Group Equity Services Ltd. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

17.     Defendant Alliance Affiliated Equity Corp. is a registered broker-dealer, and was at all relevant times, a Texas corporation with its principal place of business in Overland Park, Kansas.  Upon information and belief, Alliance Affiliated Equity Corp. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

18.     At minimum, Alliance Affiliated Equity Corp. participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2008 Development Opportunity Fund; (2) Land Option Fund; and (3) 2008 Notes Corporation.

19.     Defendant Alliance Affiliated Equity Corp. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Alliance Affiliated Equity Corp.  Upon information and belief, Alliance Affiliated Equity Corp. Parent Corporation actively facilitated and or participated with Alliance Affiliated Equity Corp. in the marketing and sale of DBSI Securities described in the preceding paragraph.  Alliance Affiliated Equity Corp. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

20.     Defendant Alternative Wealth Strategies, Inc. is a registered broker-dealer, and was at all relevant times, a New Jersey corporation with its principal place of business in Cherry Hill, New Jersey.  Upon information and belief, Alternative Wealth Strategies, Inc. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

21.     At minimum, Alternative Wealth Strategies, Inc. participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2008 Development Opportunity Fund; (2) Land Option Fund; and (3) 2006 Secured Notes.

22.     Defendant Alternative Wealth Strategies, Inc. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Alternative Wealth Strategies, Inc.  Upon information and belief, Alternative Wealth Strategies, Inc. Parent Corporation actively facilitated and or participated with Alternative Wealth Strategies, Inc. in the marketing and sale of DBSI Securities described in the preceding paragraph.  Alternative Wealth Strategies, Inc. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

23.     Defendant American Independent Securities Group is a registered broker-dealer, and was at all relevant times, an Idaho corporation with its principal place of business in Eagle, Idaho.  Upon information and belief, American Independent Securities Group was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

24.     At minimum, American Independent Securities Group participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) DBSI 2006 Land Opportunity Fund; (2) DBSI 2008 Notes Corporation; and (3) DBSI Short-term Development Fund.

25.     Defendant American Independent Securities Group Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant American Independent Securities Group. Upon information and belief, American Independent Securities Group Parent Corporation actively facilitated and or participated with American Independent Securities Group in the marketing and sale of DBSI Securities described in the preceding paragraph. American Independent Securities Group Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

26.     Defendant American Portfolios Financial Services, Inc. is a registered broker-dealer, and was at all relevant times, a New York corporation with its principal place of business in Holbrook, New York. Upon information and belief, American Portfolios Financial Services, Inc. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

27.     At minimum, American Portfolios Financial Services Inc. participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2008 Development Opportunity Fund-Sharing Units; (2) Pinehurst Square East LLC; and (3) Land Option Fund.

28.     Defendant American Portfolios Financial Services Inc. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant American Portfolios Financial Services Inc. Upon information and belief, American Portfolios Financial Services Inc. Parent Corporation actively facilitated and or participated with American Portfolios Financial Services Inc. in the marketing and sale of DBSI Securities described in the preceding paragraph. American

Portfolios Financial Services Inc. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

29.     Defendant American Wealth Management Inc. is a registered broker-dealer, and was at all relevant times, a Georgia corporation with its principal place of business in Atlanta, Georgia. Upon information and belief, American Wealth Management Inc. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

30.     At minimum, American Wealth Management Inc. participated in the marketing and sale of DBSI Diversified Realty REIT, Inc. shares to members of the Private Actions Trust.

31.     Defendant American Wealth Management Inc. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant American Wealth Management Inc. Upon information and belief, American Wealth Management Inc. Parent Corporation actively facilitated and or participated with American Wealth Management Inc. in the marketing and sale of DBSI Securities described in the preceding paragraph. American Wealth Management Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

32.     Defendant Askar Corporation is a registered broker-dealer, and was at all relevant times, a Minnesota corporation with its principal place of business in Bloomington, Minnesota. Upon information and belief, Askar Corporation was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

33.     At minimum, Askar Corporation participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2008 Notes Corporation; and (2) 2006 Secured Notes.

34.     Defendant Askar Corporation Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Askar Corporation.  Upon information and belief, Askar Corporation Parent Corporation actively facilitated and or participated with Askar Corporation in the marketing and sale of DBSI Securities described in the preceding paragraph.  Askar Corporation Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

35.     Defendant Axiom Capital Management is a registered broker-dealer, and was at all relevant times, a Delaware corporation with its principal place of business in New York, New York.  Upon information and belief, Axiom Capital Management was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

36.     At minimum, Axiom Capital Management participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2008 Notes Corporation; and (2) General Capital Corp.

37.     Defendant Axiom Capital Management Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Axiom Capital Management.  Upon information and belief, Axiom Capital Management Parent Corporation actively facilitated and or participated with Axiom Capital Management in the marketing and sale of DBSI Securities described in the preceding paragraph.  Axiom Capital Management Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names

and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

38.     Defendant Brecek & Young Advisors is a registered broker-dealer, and was at all relevant times, a California corporation with its principal place of business in Folsom, California. Upon information and belief, Brecek & Young Advisors was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

39.     At minimum, Brecek & Young Advisors participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2008 Notes Corporation; (2) Landmark Towers LLC; and (3) Oakwood Plaza LLC.

40.     Defendant Brecek & Young Advisors Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Brecek & Young.  Upon information and belief, Brecek & Young Advisors Parent Corporation actively facilitated and or participated with Brecek & Young Advisors in the marketing and sale of DBSI Securities described in the preceding paragraph.  Brecek & Young Advisors Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

41.     Defendant Burch & Company is a registered broker-dealer, and was at all relevant times, a Missouri corporation with its principal place of business in Kansas City, Missouri. Upon information and belief, Burch & Company was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

14

42.     At minimum, Burch and Company participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) North Park II and III; (2) Shops at East West Connector; and (3) Short Term Development Fund.

43.     Defendant Burch and Company Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Burch and Company.  Upon information and belief, Burch and Company Parent Corporation actively facilitated and or participated with Burch and Company in the marketing and sale of DBSI Securities described in the preceding paragraph.  Burch and Company Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

44.     Defendant Calton & Associates is a registered broker-dealer, and was at all relevant times, a Florida corporation with its principal place of business in Tampa, Florida. Upon information and belief, Calton & Associates was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

45.     At minimum, Calton & Associates participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2006 Secured Notes; (2) 2008 Notes Corporation; and (3) 2006 Land Opportunity Fund.

46.     Defendant Calton & Associates Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Calton & Associates.  Upon information and belief, Calton & Associates Parent Corporation actively facilitated and or participated with Calton & Associates in the marketing and sale of DBSI Securities described in the preceding paragraph.  Calton & Associates Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this

time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

47.     Defendant Cambridge Investment Research, Inc. is a registered broker-dealer, and was at all relevant times, an Indiana corporation with its principal place of business in Fairfield, Indiana. Upon information and belief, Cambridge Investment Research, Inc. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

48.     At minimum, Cambridge Investment Research, Inc. participated in the marketing and sale of the following DBSI Securities to members of the Private Actions trust: (1) Villago North LLC; and (2) New Hampstead II LLC.

49.     Defendant Cambridge Investment Research, Inc. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Cambridge Investment Research, Inc. Upon information and belief, Cambridge Investment Research, Inc. Parent Corporation actively facilitated and or participated with Cambridge Investment Research, Inc. in the marketing and sale of DBSI Securities described in the preceding paragraph. Cambridge Investment Research, Inc. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

50.     Defendant Capital Analysts Incorporated is a registered broker-dealer, and was at all relevant times, a Delaware corporation with its principal place of business in Cleveland, Ohio. Upon information and belief, Capital Analysts Incorporated was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

51.     At minimum, Capital Analysts Incorporated participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2007 Land Improvement & Development Fund; (2) North Medford LLC; and (3) Landmark Towers LLC.

52.     Defendant Capital Analysts Incorporated  Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Capital Analysts Incorporated.  Upon information and belief, Capital Analysts Incorporated Parent Corporation actively facilitated and or participated with Capital Analysts Incorporated in the marketing and sale of DBSI Securities described in the preceding paragraph.  Capital Analysts Incorporated Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

53.     Defendant Capital Financial Services is a registered broker-dealer, and was at all relevant times, a Wisconsin corporation with its principal place of business in Minot, North Dakota.  Upon information and belief, Capital Financial Services was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

54.     At minimum, Capital Financial Services participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2007 Land Improvement & Development Fund; (2) North Medford LLC; and (3) 2008 Notes Corporation.

55.     Defendant Capital Financial Services Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Capital Financial Services.  Upon information and belief, Capital Financial Services Parent Corporation actively facilitated and or participated with Capital Financial Services in the marketing and sale of DBSI Securities described in the preceding paragraph.  Capital Financial Services Parent Corporation is a

fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

56.     Defendant Capital Management Securities, Inc. is a registered broker-dealer, and was at all relevant times, a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Upon information and belief, Capital Management Securities, Inc. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

57.     At minimum, Capital Management Securities, Inc. participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2006 Land Opportunity Fund; (2) Short Term Development Fund; and (3) 2005 Secured Notes.

58.     Defendant Capital Management Inc. Securities Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Capital Management Securities Inc. Upon information and belief, Capital Management Securities Inc. Parent Corporation actively facilitated and or participated with Capital Management Securities Inc. in the marketing and sale of DBSI Securities described in the preceding paragraph. Capital Management Securities Inc. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

59.     Defendant Capital Quest Securities is a registered broker-dealer, and was at all relevant times, a Minnesota corporation with its principal place of business in Crystal, Minnesota. Upon information and belief, Capital Quest Securities was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

60. At minimum, Capital Quest Securities participated in the marketing and sale of Silver Lakes LLC to members of the Private Actions Trust.

61. Defendant Capital Quest Securities Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Capital Quest Securities. Upon information and belief, Capital Quest Securities Parent Corporation actively facilitated and or participated with Capital Quest Securities in the marketing and sale of DBSI Securities described in the preceding paragraph. Capital Quest Securities Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

62. Defendant Capwest Securities, Inc. is a registered broker-dealer, and was at all relevant times, a Colorado corporation with its principal place of business in Lakewood, Colorado. Upon information and belief, Capwest Securities, Inc. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

63. At minimum, Capwest Securities participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2008 Real estate Opportunity; (2) Octillo Heights West LLC; and (3) 2008 Development Opportunity Fund.

64. Defendant Capwest Securities, Inc. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Capwest Securities, Inc.. Upon information and belief, Capwest Securities Parent Corporation actively facilitated and or participated with Capwest Securities in the marketing and sale of DBSI Securities described in the preceding paragraph. Capwest Securities Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff

at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names
and capacities herein.

65.     Defendant Centaurus is a registered broker-dealer, and was at all relevant times, a
California corporation with its principal place of business in Anaheim, California. Upon
information and belief, Centaurus was at all relevant times registered to sell securities and did
sell securities in the State of Delaware.

66.     At minimum, Centaurus participated in the marketing and sale of the following
DBSI Securities to members of the Private Actions Trust: (1) 700 Locust Offices LLC; and (2)
2008 Notes Corporation.

67.     Defendant Centaurus Parent Corporation is a parent/subsidiary/affiliate
corporation of Defendant Centaurus. Upon information and belief, Centaurus Parent
Corporation actively facilitated and or participated with Centaurus in the marketing and sale of
DBSI Securities described in the preceding paragraph. Centaurus Parent Corporation is a
fictitious name representing one or more persons, corporations or other entities whose true names
and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this
complaint by inserting the true names and capacities herein.

68.     Defendant CFD Investments Inc. is a registered broker-dealer, and was at all
relevant times, an Indiana corporation with its principal place of business in Kokomo, Indiana.
Upon information and belief, CFD Investments Inc. was at all relevant times registered to sell
securities and did sell securities in the State of Delaware.

69.     At a minimum, CFD Investments Inc. participated in the marketing and sale of
2006 Secured Notes to members of the Private Actions Trust.

70.     Defendant CFD Investments Inc. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant CFD Investments Inc.  Upon information and belief, CFD Investments Inc. Parent Corporation actively facilitated and or participated with CFD Investments Inc. in the marketing and sale of DBSI Securities described in the preceding paragraph.  CFD Investments Inc. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

71.     Defendant Courtlandt Financial Group Inc. is a registered broker-dealer, and was at all relevant times, a California corporation with its principal place of business in Newport Beach, California.  Upon information and belief, Courtlandt Financial Group Inc. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

72.     At minimum, Courtlandt Financial Group Inc. participated in the marketing and sale of Haverford Place, LLC securities to members of the Private Actions Trust.

73.     Defendant Courtlandt Financial Group Inc  Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Courtlandt Financial Group Inc.  Upon information and belief, Courtlandt Financial Group Inc. Parent Corporation actively facilitated and or participated with Courtlandt Financial Group Inc. in the marketing and sale of DBSI Securities described in the preceding paragraph.  Courtlandt Financial Group Inc. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

74.     Defendant Crews & Associates, Inc. is a registered broker-dealer, and was at all relevant times, an Arkansas corporation with its principal place of business in Little Rock, Arkansas.  Upon information and belief, Crews & Associates, Inc. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

75.     At minimum, Crews & Associates, Inc. participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) Colonnade West Lake; (2) East 37th Street (Vatterott II); and (3) Buckley & 120th.

76.     Defendant Crews & Associates, Inc. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Crews & Associates, Inc.  Upon information and belief, Crews & Associates Inc. Parent Corporation actively facilitated and or participated with Crews & Associates Inc. in the marketing and sale of DBSI Securities described in the preceding paragraph.  Crews & Associates Inc. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

77.     Defendant Dawson James Securities, Inc. is a registered broker-dealer, and was at all relevant times, a Florida corporation with its principal place of business in Boca Raton, Florida.  Upon information and belief, Dawson James Securities, Inc. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

78.     At minimum, Dawson James Securities, Inc. participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) DBSI Diversified Realty REIT, Inc.; (2) 2005 Secured Notes; and (3) 2006 Land Opportunity.

79.     Defendant Dawson James Securities, Inc. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Dawson James Securities, Inc. Upon information and belief, Dawson James Securities Inc. Parent Corporation actively facilitated and or participated with Dawson James Securities Inc. in the marketing and sale of DBSI Securities described in the preceding paragraph. Dawson James Securities Inc. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

80.     Defendant Equity Services Inc. is a registered broker-dealer, and was at all relevant times, a Vermont corporation with its principal place of business in Montpelier, Vermont. Upon information and belief, Equity Services Inc. was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

81.     At minimum, Equity Services Inc. participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) 2008 Notes Corporation; (2) 2006 Secured Notes; and (3) 2008 Development Opportunity Fund.

82.     Defendant Equity Services Inc. Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Equity Services Inc. Upon information and belief, Equity Services Inc. actively facilitated and or participated with Equity Services Inc. in the marketing and sale of DBSI Securities described in the preceding paragraph. Equity Services Inc. Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

83.     Defendant Finance 500 is a registered broker-dealer, and was at all relevant times, a California corporation with its principal place of business in Irving, California.  Upon information and belief, Finance 500 was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

84.     At minimum, Finance 500 participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) Salem Offices; (2) Olympic; and (3) Genesis.

85.     Defendant Finance 500 Parent Corporation is a parent/subsidiary/affiliate corporation of Defendant Finance 500.  Upon information and belief, Finance 500 actively facilitated and or participated with Finance 500 in the marketing and sale of DBSI Securities described in the preceding paragraph.  Finance 500 Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

86.     Defendant Fintegra, LLC is a registered broker-dealer, and was at all relevant times, a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.  Upon information and belief, Fintegra, LLC was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

87.     At minimum, Fintegra LLC participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) Villago South; (2) 2008 Notes Corporation; and (3) Oakwood Plaza.

88.     Defendant Fintegra, LLC Parent Corporation is a parent/subsidiary/affiliate corporation of Fintegra, LLC.  Upon information and belief, Fintegra LLC actively facilitated

and or participated with Fintegra, LLC in the marketing and sale of DBSI Securities described in the preceding paragraph. Fintegra, LLC Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

89.    Defendant Great American Advisors is a registered broker-dealer, and was at all relevant times, an Ohio corporation with its principal place of business in Cincinnati, Ohio. Upon information and belief, Great American Advisors was at all relevant times registered to sell securities and did sell securities in the State of Delaware.

90.    At minimum, Great American Advisors participated in the marketing and sale of the following DBSI Securities to members of the Private Actions Trust: (1) DBSI Beacon Point LLC; and (2) TRI LP.

91.    Defendant Great American Advisors Parent Corporation is a parent/subsidiary/affiliate corporation of Great American Advisors. Upon information and belief, Great American Advisors actively facilitated and or participated with Great American Advisors in the marketing and sale of DBSI Securities described in the preceding paragraph. Great American Advisors Parent Corporation is a fictitious name representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein.

92.    Defendant Harrison Douglas, Inc. is a registered broker-dealer, and was at all relevant times, a Colorado corporation with its principal place of business in Aurora, Colorado.