IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Private Actions Trust, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 11-475-GMS |
| ADVISORY GROUP EQUITY SERVICES, LTD, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**OPENING BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION,
OR IN THE ALTERNATIVE TO DISMISS THE COMPLAINT**

Theodore J. Tacconelli (No. 2678)
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 1000
P.O. Box 1351
Wilmington, DE 19899
302.575.1555
ttacconelli@ferryjoseph.com

*Attorneys for American Portfolios
Financial Services, Inc.*

Francis A. Monaco, Jr. (No. 2078)
Mark L. Desgrosseilliers (No. 4083)
WOMBLE CARLYLE SANDRIDGE & RICE
222 Delaware Avenue, Suite 1501
Wilmington, DE 1801
302.252.4340
fmonaco@wcsr.com
mdesgrosseilliers@wcsr.com

*Attorneys for Capital Analysts Incorporated and
Capital Management Securities Inc.*

Steven J. Balick (No. 2114)
Tiffany Geyer Lydon (No. 3950)
Lauren E. Maguire (No. 4261)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302.654.1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for LaSalle Street Securities,
OMNI Brokerage, Inc., Sanders Morris
Harris, Inc.*

Dated: October 24, 2011

# **TABLE OF CONTENTS**

I. The Court Should Compel The Trustee to Arbitrate his Claims Against The Moving Defendants. ................................................................................................................. 2

    A. The Claims at Issue Are Covered by Valid And Binding Arbitration Agreements. .......... 2

    B. As An Assignee of Arbitrable Claims, The Trustee Is Required to Arbitrate to The Same Extent as The Signatories to The Arbitration Agreements. ............................................. 4

II. In the Alternative, the Court Should Dismiss The Trustee's Complaint for Failure to State a Claim. ............................................................................................................................ 6

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*BAE Sys. Aircraft Controls v. Eclipse Aviation Corp.*,
   224 F.R.D. 581 (D. Del 2004) ..................................................................................................3

*Barrowclough v. Kidder, Peabody & Co.*,
   752 F.2d 923 (3d Cir. N.J. 1985) .............................................................................................4

*Dean Witter Reynolds Inc. v. Byrd*,
   470 U.S. 213 (1985) .................................................................................................................3

*E-Time Sys. v. Voicestream Wireless Corp.*,
   2002 U.S. Dist. LEXIS 15568 (E.D. Pa. Aug. 19, 2002) .........................................................4

*Great Amer. Lumber Corp. v. Nat'l R. Passenger Corp.*,
   886 F.2d 50 (3d Cir. 1989) ......................................................................................................4

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*,
   133 F.3d 225 (3d Cir. 1998) ....................................................................................................4

*John Hancock Mut. Life Insur. Co. v. Olick*,
   151 F. 3d 132 (3d Cir. 1998) ...................................................................................................2

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1, 24-25 (1983) .............................................................................................................3

*Milo H. Segener v. Securities America, et al*,
   Case No. 10-cv-1884-F (N.D. Tex. 2011) ...............................................................................5

*Paine Webber, Inc. v. Hartmann*,
   921 F.2d 507 (3d Cir. 1990) *overruled in part on other grounds by Howsam v. Dean
   Witter Reynolds, Inc.*, 537 U.S. 79 (2002) ..............................................................................3

*Trefny v. Bear Stearns Sec. Corp.*,
   243 B.R. 300 (S.D. Tex. 1999) ............................................................................................2, 4

**STATE CASES**

*Resort Point Custom Homes, LLC v. Tait*,
   2010 Del. Super. LEXIS 144 (Del. Super. Ct. Apr. 7, 2010) ..................................................4

**FEDERAL STATUTES**

9 U.S.C. § 3 ..................................................................................................................................2

Plaintiff James R. Zazzali, acting as the trustee of the DBSI Private Actions Trust ("the Trustee"), purports to bring this action as the assignee of claims from numerous unidentified investors who allegedly purchased securities issued by DBSI, Inc. or entities it played a role in forming. The Trustee alleges that the defendants are liable under the federal securities laws and the common law of unidentified states for investments that they allegedly sold to unidentified PAT beneficiaries. As evidenced by the declarations attached hereto, any investor that purchased a DBSI security through any of the Moving Defendants[1] would have signed a valid and binding arbitration agreement. As an assignee of those investors' claims, the Trustee is bound to arbitrate those claims as well.

## STATEMENT OF FACTS AND NATURE AND STAGE OF THE PROCEEDINGS

A detailed factual background and statement of the nature and stage of the proceedings is contained in the Opening Brief in Support of Motion to Dismiss the Complaint in its Entirety with Prejudice For Failure to Sufficiently State Claims for Relief filed by certain broker-dealer defendants. The Moving Defendants hereby incorporate that motion in its entirety.

## SUMMARY OF ARGUMENT

Any investors who purchased securities sold by DBSI through any of the Moving Defendants would have signed a valid arbitration agreement provision that requires them to arbitrate any dispute related to the sale of those securities. Where "a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that

---

[1] The following defendants join in this motion: American Portfolios Financial Services, Inc., Capital Management Securities, Inc., LaSalle Street Securities, Omni Brokerage, Inc., and Sanders Morris Harris, Inc. Capital Analysts Incorporated only moves to compel arbitration of any disputes brought on behalf of Robert Eddy, Susan H. Eddy, the Eddy Family Trust dated 6/28/1990, Mark Wilkins, Kathy Wilkins, or the Mark and Kathy Wilkins Revocable Trust.

agreement," the court must compel arbitration. *Paine Webber, Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990) (overruled in part on other grounds). The Trustee, as an assignee of claims from those investors, is required to arbitrate to the same extent as the investors themselves. *Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 316 (S.D. Tex. 1999).

## ARGUMENT

I. **The Court Should Compel The Trustee to Arbitrate his Claims Against The Moving Defendants.**

   A. **The Claims at Issue Are Covered by Valid And Binding Arbitration Agreements.**

Any customer who purchased securities through the Moving Defendants (which necessarily includes any investors who assigned their claims to the PAT) signed a valid arbitration agreement that requires any dispute arising out of his or her account to be arbitrated and not litigated. [2]

The Federal Arbitration Act ("FAA") mandates that where, as in this case, an issue in a pending lawsuit is referable to arbitration under a written agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. A court is only required to

---

[2] American Portfolios Financial Services, Inc.'s agreement covers "any controversy between the parties arising out of your [the client] business." (*See* Ex. 1, Decl. of Anthony Donnadio.) Capital Management Securities, Inc. agreement covers "any order or transaction" between Capital Management Securities, Inc. and its customers. (*See* Ex. 2, Decl. of Melissa Glennie.) LaSalle Street Securities Inc.'s agreements covers "any and all controversies" between the parties concerning "any account, order or transaction" (*See* Ex. 3, Decl. of Jay Carstensen.). Sanders Morris Harris Inc.'s agreement applies to any controversy between the parties "arising out of your [Sanders Morris Harris'] business." (*See* Ex. 4, Decl. of. John Unger.). Omni Brokerage, Inc.'s agreements cover "all controversies that may arise between" Omni and its customers (*See* Ex. 5, Decl. of Kevin Bradburn. ). Capital Analyst Incorporated's agreement covers "all controversies that may arise between" Capital Analyst and its customers. (See Ex. 6, Decl. of Mark Mahoney).

engage in a "limited review to determine whether the dispute is arbitrable" *John Hancock Mut. Life Insur. Co. v. Olick*, 151 F. 3d 132, 137 (3d Cir. 1998). If a "a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement," the court must compel arbitration. *Id.*; *Paine Webber,* 921 F.2d at 511.

The FAA provides that, as soon as a court is satisfied as to the existence of an arbitrable dispute, it "shall" compel the parties to arbitrate that dispute in accordance with the applicable provisions of their agreement and stay the litigation. *See* 9 U.S.C. §§ 3 and 4 (2011). "By its terms, the [FAA] leaves no place for the exercise of discretion...but instead mandates that...courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (the FAA requires courts to enforce private arbitration agreements). Where all of the issues in a case are arbitrable, as they are here, the court has authority to dismiss the case. *BAE Sys. Aircraft Controls v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 585 (D. Del 2004).

If there are "any doubts" concerning the arbitrability of claims, a court should resolve those doubts in favor of arbitration." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). A court should not decline to compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies, Inc.*, 475 U.S. at 650 (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

Here, the Moving Defendants' customers executed valid agreements to arbitrate. There is no reason or positive assurance as to why the agreements are void or inapplicable to the claims. All claims alleged in Plaintiff's Complaint arise out of the customers' purchase of securities at Defendant broker-dealers. At no time has Plaintiff alleged separate or distinguishable facts

which would bring this matter outside the scope of the arbitration agreements in question. Given the existence of valid agreements to arbitrate, the FAA requires that these claims be immediately compelled to arbitration and a stay of this litigation.

> **B. As An Assignee of Arbitrable Claims, The Trustee Is Required to Arbitrate to The Same Extent as The Signatories to The Arbitration Agreements.**

The Trustee is obligated to arbitrate to the same extent as the investors who signed the arbitration agreements. It is black letter law that an assignee stands in the shoes of an assignor and takes "assigned claim[s] subject to all defenses of the obligor against the assignor." *Resort Point Custom Homes, LLC v. Tait*, 2010 Del. Super. LEXIS 144 (Del. Super. Ct. Apr. 7, 2010); *Great Amer. Lumber Corp. v. Nat'l R. Passenger Corp.*, 886 F.2d 50, 55 (3d Cir. 1989). A party that is assigned an otherwise arbitrable claim is bound to arbitrate that claim to the same extent as the assignor who signed an arbitration agreement. *E-Time Sys. v. Voicestream Wireless Corp.*, 2002 U.S. Dist. LEXIS 15568 (E.D. Pa. Aug. 19, 2002); *Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 316 (S.D. Tex. 1999); *see also Barrowclough v. Kidder, Peabody & Co.*, 752 F.2d 923, 938 (3d Cir. N.J. 1985) (reversed on other grounds) ("a variety of non-signatories of arbitration agreements have been held to be bound by such agreements under ordinary common law contract and agency principles"); *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 133 F.3d 225, 229 (3d Cir. 1998) (same).

Several courts have applied this rule to compel a trustee to arbitrate disputes assigned to him by investors. In *Trefny v. Bear Stearns Securities Corp.*, 243 B.R. 300 (S.D. Tex. 1999), the court ordered a trustee to arbitrate claims that were assigned to him by investors. In *Trefny*, the Securities Investor Protection Corporation ("SIPC") sued a failing brokerage firm, MBM, that had allegedly stolen money from its customers. *Id.* at 305. The court appointed a trustee to oversee the liquidation of MBM and referred the liquidation to the bankruptcy court. *Id.* While

that case was pending, the SIPC advanced funds to the trustee to pay customer claims; in return, the customers assigned any claims they might have to the trustee. *Id.* Acting pursuant to those assignments, the trustee sued Bear Stearns, who had served as a clearing broker for MBM. *Id.* at 306. The trustee alleged that Bear Stearns was liable for the fraud committed by the defunct brokerage firm. *Id.* When they opened an account at MBM, each customer executed a written agreement with Bear Stearns that obligated them to arbitrate any claims against Bear Stearns. *Id.* at 305. Based on these agreements, Bear Stearns filed a motion to compel the trustee to arbitrate the claims in the adversary proceeding. *Id.* at 307. The court applied basic principles of agency law and granted the motion. *Id.* at 316. Because the trustee asserted claims derived from or on behalf of the signatories, he was bound by the arbitration provisions "to the extent that they bind the signatories." *Id.*

Just two months ago, a different court reached the same conclusion in a case that is nearly identical to this one. In *Milo H. Segener v. Securities America, et al,* Case No. 10-cv-1884-F (N.D. Tex. 2011) the court ordered a bankruptcy trustee to arbitrate claims that the trustee had received through assignment because the assignors had signed valid arbitration agreements with the defendants. A copy of that opinion is attached as Exhibit 7. The trustee in *Segner* was presiding over the estate of a company that syndicated oil and gas partnerships. (Ex. 7 at 2-3.) Just like here, as part of the bankruptcy proceeding, a trust was established to pursue claims against third parties. (*Id.* at 5.) As in this case, investors assigned their claims to the trust. (*Id.*) The trustee of the litigation trust brought suit against broker-dealers who had sold securities issued by the entity. (*Id.* at 2.) The trustee alleged that the bankrupt entity was a ponzi scheme and sought to hold the broker-dealers liable for selling securities issued by the entity. (*Id.* at 3-4.) Faced with a motion to compel arbitration by the broker-dealer defendants, the court ordered

that any claims the trustee was pursuing via an assignment from investors (who had signed arbitration agreements) had to be arbitrated. (*Id.* at 23.) The court ruled that the trustee "as the assignee of the investors' claims, stands directly in the shoes of the investors as if they had brought these claims themselves" (*Id.*) The investors themselves would have to arbitrate the claims if they had brought them directly and the trustee "[s]tanding in their shoes, cannot compel a different result. (*Id.*)

Here too, any investors who purchased a security through the Moving Defendants, including any investor who assigned claims to the Trustee, signed an arbitration agreement. Because the Trustee stands in the shoes of those investors, he must arbitrate those claims.

## II. In the Alternative, the Court Should Dismiss The Trustee's Complaint for Failure to State a Claim.

In the alternative, the Court should dismiss the Trustee's complaint because it fails to allege a cause of action, as established in the Motion to Dismiss Pursuant Motion To Dismiss The Complaint In Its Entirety With Prejudice For Failure To Sufficiently State Claims For Relief filed by certain broker-dealer defendants. The Moving Defendants hereby incorporate that motion and the accompanying brief in its entirety in this motion.

## Conclusion

For all of the foregoing reasons, the Moving Defendants respectfully request that this Court enter an order granting their Motion to Dismiss and Compel Arbitration.

| | |
|---|---|
| FERRY, JOSEPH & PEARCE, P.A. | WOMBLE CARLYLE SANDRIDGE & RICE |
| /s/ Theodore J. Tacconelli | /s/ Francis A. Monaco, Jr. |
| Theodore J. Tacconelli (No. 2678) | Francis A. Monaco, Jr. (No. 2078) |
| 824 Market Street, Suite 1000 | Mark L. Desgrosseilliers (No. 4083) |
| P.O. Box 1351 | 222 Delaware Avenue, Suite 1501 |
| Wilmington, DE 19899 | Wilmington, DE 1801 |
| 302.575.1555 | 302.252.4340 |
| (302) 575-1714 (Fax) | fmonaco@wcsr.com |
| ttacconelli@ferryjoseph.com | mdesgrosseilliers@wcsr.com |
| -and- | -and- |
| Derek C. Anderson | Ford Elsaesser |
| Cliff G. Anderson | Cindy Elliott |
| Michaels, Ward & Rabinovitz, LLP | Elsaesser Jarzabek Anderson |
| 1113 Spruce St., Suite 302B | Elliott & Macdonald, Chtd. |
| Boulder, CO 80302 | PO Box 1049 |
| 303.482.1046 | 102 South Euclid Avenue, Suite 307 |
| dca@michaelsward.com | Sandpoint, ID 83864 |
| cga@michaelsward.com | 208.263.8517 |
| | ford@ejame.com |
| | cindy@ejame.com |
| *Attorneys for American Portfolios Financial Services, Inc.* | *Attorneys for Capital Analysts Incorporated* |

| WOMBLE CARLYLE SANDRIDGE & RICE | ASHBY & GEDDES |
|---|---|
| /s/ Francis A. Monaco, Jr.<br>Francis A. Monaco, Jr. (No. 2078)<br>Mark L. Desgrosseilliers (No. 4083)<br>222 Delaware Avenue, Suite 1501<br>Wilmington, DE 1801<br>302.252.4340<br>fmonaco@wcsr.com<br>mdesgrosseilliers@wcsr.com<br><br>-and-<br><br>Matthew T. Boos<br>Patrick D.J. Mahlberg<br>Fredrikson & Byron, PA<br>200 South Sixth Street, Ste 400<br>Minneapolis, MN 55402-1425<br>612.492.7000<br>mboos@fredlaw.com<br>pmahlberg@fredlaw.com<br><br>*Attorneys for Capital Management Securities, Inc.* | /s/ Tiffany Geyer Lydon<br>Steven J. Balick (No. 2114)<br>Tiffany Geyer Lydon (No. 3950)<br>Lauren E. Maguire (No. 4261)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>302-654-1888<br>sbalick@ashby-geddes.com<br>tlydon@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br><br>-and-<br><br>Christian T. Kemnitz<br>Brian J. Poronsky<br>Katten Muchin Rosenman LLP<br>525 W. Monroe Street<br>Chicago, IL 60661-3693<br>312.902.5611<br>brian.poronsky@kattenlaw.com<br><br>*Attorneys for LaSalle Street Securities, OMNI Brokerage, Inc., Sanders Morris Harris, Inc.* |

Dated: October 24, 2011