# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Private Actions Trust, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 11-475 GMS ) |
| ADVISORY GROUP EQUITY SERVICES, LTD, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## CFD, INVESTMENTS, INC.'S MOTION TO COMPEL

MORRIS JAMES LLP

P. Clarkson Collins, Jr. (ID. No. 739)
Jody C. Barillare (ID No. 5107)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750
pcollins@morrisjames.com
jbarillare@morrisjames.com

*Attorneys for Defendant, CFD Investments, Inc.*

October 31, 2011

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS .................................................................... 1

SUMMARY OF ARGUMENT ..................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

I.     The Plaintiff's Claims Against cfd On Behalf Of Investors Must Be
Arbitrated, Not Litigated ................................................................................................. 2

CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

### FEDERAL CASES

*Am. Lumber Corp. v. Nat'l R.R. Passenger Corp.*, 886 F.2d 50 (3d Cir. 1989)..................4

*BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*,
    224 F.R.D. 581 (D. Del. 2004) ........................................................................5

*Basargin v. Shipowners' Mut. Prot. & Indem. Ass'n (Luxembourg)*,
    1995 A.M.C. 1463 (D. Alaska Feb. 16, 1995)................................................4

*Bd. Of Trustees of Michigan State Univ. v. Research Corp.*,
    898 F. Supp. 519 (W.D. Mich. 1995) ............................................................4

*Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435 (3d Cir. 1999)..............................4

*Century Indem. Co. v. Certain Underwriters at Lloyd's, London,
    Subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*,
    584 F.3d 513 (3d Cir. 2009)............................................................................3

*Digital Signal, Inc. v. VoiceStream Wireless Corp.*, 156 F. App'x 485 (3d Cir. 2005) ......3

*Esaka v. Nanticoke Health Services, Inc.*, 752 F. Supp. 2d 476 (D. Del. 2010)..................5

*Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144 (3d Cir. 2001)..................................................4

*Green Tree Financial Corp.Alabama v. Randolph*, 531 U.S. 79 (2000)............................5

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 133 F.3d 225 (3d Cir. 1998) ..........3

*Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175 (3d Cir. 1998)..........................................5

*Trefny v. Bear Sterns Sec. Corp.*, 243 B.R. 300 (S.D. Tex. 1999) .....................................5

*Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529 (3d Cir. 2005)..................................4

### FEDERAL STATUTES

9 U.S.C. § 3..........................................................................................................................4

## INTRODUCTION

Plaintiff, James R. Zazzali, as Trustee for the DBSI Private Actions Trust ("Plaintiff"), commenced this action against a host of defendants, including cfd Investments, Inc. ("cfd"), on behalf of numerous investors who allegedly purchased securities issued by DBSI, Inc. or related entities (collectively, "DBSI") and then assigned their claims to Plaintiff. Plaintiff seeks to litigate the investors' claims in this Court despite the fact that each investor who purchased DBSI securities through cfd signed a contract in which the investor agreed to submit any dispute with cfd to binding arbitration. As the assignee of the investors' claims, Plaintiff stands in the shoes of the investor and, thus, is bound by the arbitration provision to the same extent as the investors. Consequently, Plaintiff's claims against cfd in this forum must be dismissed in favor of arbitration.

## NATURE AND STAGE OF THE PROCEEDINGS

cfd incorporates by reference the factual background set forth in the nature and stage of the proceedings section in the Opening Brief in Support of Motion to Dismiss the Complaint in its Entirety with Prejudice for Failure to Sufficiently State Claims for Relief Against the Broker Dealer Defendants [Dkt. 158].

## SUMMARY OF ARGUMENT

Each investor who purchased DBSI securities through cfd executed a contract that contained an arbitration provision. There can be no dispute that the claims asserted by the Plaintiff in this action relating to investors' purchase of securities through cfd fall within the scope of the arbitration clauses. The law is clear that Plaintiff, as assignee of the investors' claims, is subject to the arbitration provisions to the same extent as the investors themselves.

Consequently, and because all claims fall within the scope of the arbitration clauses, dismissal of all claims against cfd is required.

## ARGUMENT

### I. The Plaintiff's Claims Against cfd On Behalf Of Investors Must Be Arbitrated, Not Litigated.

There are a total of six investors who purchased securities issued by DBSI through cfd, each of which unambiguously agreed to submit any dispute with cfd to arbitration.[1] A copy of the investors' respective contracts with cfd are attached to the Affidavit of William E. Gregg ("Gregg Affidavit").[2] Five of the six investors signed a New Account Form that contains an acknowledgment by the investor that an attached Account Agreement contains an arbitration clause. The Account Agreement provides in relevant part:

> Any controversy arising out of or relating to the Account, to transactions with or for me/us, or to this Agreement, or breach thereof, shall be submitted to arbitration ....
> *This Agreement contains a predispute arbitration clause. By signing an arbitration agreement the parties agree as follows:*
> • *All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.* ...

Gregg Affidavit, Exhs. A – E (emphasis in original). One investor, Gary Kessinger, signed an older version of the New Account Form called a Client Account Form. While the language is slightly different from the Account Agreement language agreed to by other investors, it is equally clear that Mr. Kessinger agreed to submit to arbitration any dispute with cfd relating to

---

[1] Plaintiff's counsel has provided cfd with a list of five investors who allegedly assigned their claims to the Plaintiff, but with the caveat that there may be more. Because only six investors purchased DBSI securities through cfd, cfd has simply attached all six of the New Account Forms and Account Agreements with investors to demonstrate that all have agreed to arbitrate any dispute relating to the purchase of DBSI securities.

[2] Personal information, such as social security numbers, birthdates, net worth and income information, etc. have been redacted from the New Account Forms because it is not relevant to this Motion.

2

the sale of securities. *See* Gregg Affidavit, Exh. F (stating in an "AGREEMENT TO ARBITRATE" that "any and all controversies, disputes, or disagreements that may at any time occur as a result of the purchase or sale of any security through CFD INVESTMENTS, INC. or any other transaction by and between CFD INVESTMENTS, INC. and the undersigned, shall be resolved solely through arbitration ...."). Thus, each investor unequivocally agreed to submit to arbitration any dispute with cfd relating to the purchase of securities.

The Third Circuit Court of Appeals has stated that the determination of arbitrability involves a two-step inquiry: "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 523 (3d Cir. 2009). A Court facing a motion to compel arbitration should presume that the dispute must be arbitrated:

> Any inquiry into the scope of an arbitration clause must necessarily begin with the presumption that arbitration applies. In considering the nature of the dispute and the scope of the arbitration clause, this court must operate under a "presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *AT&T Technologies*, 475 U.S. at 650, 106 S.Ct. at 1419 (quoting *Warrior & Gulf*, 363 U.S. at 582–83, 80 S.Ct. at 1352–53). Thus, when it cannot be said "with positive assurance" that the parties have clearly and unequivocally excepted a certain dispute from arbitration, the court must compel arbitration.

*In re Prudential Ins. Co. of Am. Sales Practice Litig. All Agent Actions*, 133 F.3d 225, 231 (3d Cir. 1998). If a Court finds that a valid arbitration agreement exists and that the dispute falls within the scope of the agreement, an order compelling arbitration is mandatory. *See Digital Signal, Inc. v. VoiceStream Wireless Corp.*, 156 F. App'x 485, 487 (3d Cir. 2005) ("A court must compel arbitration if there is clear evidence that the parties entered into an agreement to

arbitrate."); *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 154 (3d Cir. 2001) ("If the parties have stipulated that certain disputes will be submitted to arbitration and that the law of a particular jurisdiction will govern the controversy, federal courts will enforce that agreement."); 9 U.S.C. § 3 (stating that a Court "shall" submit a matter to arbitration).

Here, each investor executed a valid contract containing an arbitration clause in which the right to proceed in court against cfd was waived. In addition, the claims asserted by Plaintiff in this action – which all relate to certain securities offered by DBSI and purchased through cfd – fall within the scope of the arbitration provisions that broadly mandate arbitration of any and all disputes relating to the sale of securities through cfd. Gregg Affidavit, Exhs. A – F. Consequently, arbitration must be compelled.

The law is settled that Plaintiff, as assignee of the investors' claims, is subject to the arbitration clause to the same extent as the investors themselves because an assignee "can possess no greater rights than its assignor." *Am. Lumber Corp. v. Nat'l R.R. Passenger Corp.*, 886 F.2d 50, 55 (3d Cir. 1989). Numerous courts have compelled arbitration of claims that were assigned to the plaintiff but subject to an arbitration clause. *See, e.g., Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (finding that an assignment of a contract was valid and, thus, the assignee was subject to the arbitration clause in the contract); *Bd. of Trustees of Michigan State Univ. v. Research Corp.*, 898 F. Supp. 519, 522 (W.D. Mich. 1995) (granting a motion to compel arbitration based on an assigned contract containing an arbitration clause); *Basargin v. Shipowners' Mut. Prot. & Indem. Ass'n (Luxembourg)*, 1995 A.M.C. 1463, 1470 (D. Alaska Feb. 16, 1995) (ordering arbitration of a plaintiff's assigned claim on behalf of an estate); *see also Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005) ("[W]hen an assignee assumes the liabilities of an assignor, it is bound by an arbitration clause in

the underlying contract."). Federal courts have even ordered arbitration of claims by investors that were assigned to a trustee for prosecution. *See, e.g., Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 316 (S.D. Tex. 1999) ("The debtor, and the customers, each signed valid arbitration agreements with Bear Stearns that apply broadly to "all claims." These agreements bind [the plaintiff trustee] to the extent that they bind the signatories when [the plaintiff trustee] asserts claims derived from, or on behalf of, those signatories.").

There is no basis for Plaintiff to contend that he is immune from the established principles governing arbitrability of assigned contracts. Plaintiff is not. Each of the investors who purportedly assigned their claims to Plaintiff had previously executed binding contracts in which they agreed to submit any dispute with cfd to arbitration. Plaintiff has no right to disregard the investors' contractual agreement and proceed against cfd in this Court. If Plaintiff wishes to pursue claims against cfd on behalf of certain investors, it must do so in arbitration.

While the Federal Arbitration Act speaks of staying an action pending arbitration of the claims, "district courts may dismiss an action if all the issues raised are arbitrable and must be submitted to arbitration." *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 585 (D. Del. 2004) (citing cases); *see also Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175 (3d Cir.1998), *overruled on other grounds by Green Tree Financial Corp.Alabama v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); *Esaka v. Nanticoke Health Services, Inc.*, 752 F. Supp. 2d 476, 485 (D. Del. 2010). Here, all of the Plaintiff's claims on behalf of investors fall within the parameters of the arbitration clause because all relate to the purchase of DBSI securities through cfd. Consequently, dismissal of the claims against cfd is appropriate.

## CONCLUSION

For all of the foregoing reasons, cfd respectfully requests that this Court dismiss the claims filed against it and compel arbitration of any claims Plaintiff seeks to bring against cfd.

Dated: October 31, 2011

/s/ P. Clarkson Collins, Jr.
P. Clarkson Collins, Jr. (ID. No. 739)
Jody C. Barillare (ID No. 5107)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
pcollins@morrisjames.com
jbarillare@morrisjames.com

Attorneys for Defendant,
CFD Investments, Inc.