IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Private Actions Trust, <br><br> Plaintiff, <br><br> v. <br><br> ADVISORY GROUP EQUITY SERVICES, LTD, et al., <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 11-475 GMS ) ) ) ) ) |

## AFFIDAVIT OF WILLIAM E. GREGG

William E. Gregg, being first duly sworn upon his oath, deposes and states as follows:

1. I am more than eighteen (18) years of age, am competent to testify to the facts stated herein, and have first-hand knowledge of such facts.

2. I am the Chief Compliance Officer at cfd Investments, Inc. ("cfd"). As such, I am familiar with the books and records of cfd as they relate to contracts investors and cfd execute when an investor opens an account to purchase securities through cfd.

3. All customers of cfd are required to execute a New Account Agreement or similar document that contains an arbitration provision.

4. There were six investors who purchased DBSI securities through cfd. Each of the six investors signed contracts with cfd containing an arbitration clause. A true and accurate copy of each of the six contracts is attached hereto as Exhibits A – F.

I affirm, under the penalties of perjury, that the foregoing representations are true and correct.

Dated: 10/31/11

_____
William E. Gregg

2014704_1

**cfd Investments**
608 East Boulevard  Kokomo, IN 46902
765.453.9600   800.745.7776

| Single ☐ | JTWRS ☒ | JTTIC ☐ | *Trust ☐ | Charitable ☐ | Corporate ☐ | *Custodial ☐ | Partnership ☐ |
| IRA ☐ | Simple IRA ☐ | SEP ☐ | Coverdell ☐ | ROTH IRA ☐ | 401(k) ☐ | 403(b) ☐ | 529 ☐ | Other* ☐ |

*if Trust, Custodial, or Other is selected, please fill out Trust/Custodial Titling below

Owner:
First Name: Alan
M.I.: K
Last Name: Albrecht
US Citizen (Check One): ☒ Y  ☐ N





My signature below signifies that the above information is complete and accurate to the best of my knowledge. Furthermore, I have not provided any false information with the intent of conducting any criminal activity or in the furtherance of any criminal activity. The undersigned(s) have been provided the opportunity to ask questions concerning the objectives, cost, expenses, risk, and liquidity of any security transacted through cfd Investments, Inc. I acknowledge that the Account Agreement on the back of this form contains a predispute arbitration clause.

| Owner's Signature: *Alan K. Albrecht* | Date: 0205 2007 | Co-Owner's Signature: *Marsha A. Albrecht* | Date: 2-5-07 |
| Registered Representative's Signature: *Michael Curtiss* | Rep ID: 378 | Registered Representative's Printed Name: Mike Curtiss | Date: 2/5/07 |
| Registered Principal's Signature: *Sandra Nebasko* | | Registered Principal's Printed Name: *Sandra Nebasko* | Date: 2-8-07 |

FOR REPRESENTATIVE USE ONLY (PLEASE FILL OUT THE DATES BELOW):
NEW ACCOUNT FORM: 2/5/07
PRIVACY POLICY: 2/5/07
BUSINESS CONTINUITY PLAN: 2/5/07
Client Update:

**EXHIBIT A**

ACCOUNT AGREEMENT

1. *Provisions in the Event of Failure to Pay or Deliver:* Whenever I, the "Client" do not, on or before the settlement date, pay in full for any security purchased for my account ("Account"), or deliver any security sold for such Account, cfd Investments, Inc. (or "you") are authorized (subject to the provisions of any applicable statute, rule or regulation),

    a. until payment or delivery is made in full, to pledge, repledge, hypothecate or rehypothecate, without notice, any or all securities or commodities or any other property, for the sum then due or for a greater or lesser sum and without retaining in your possession and control for delivery a like amount of similar securities, and/or

    b. to sell any or all securities which you may hold for the Account (either individually or jointly with others), or to buy-in any or all securities required to make delivery for the Account, or to cancel any or all outstanding orders or commitments for the Account, or to otherwise offset any amounts owed to you against other assets owned by me, individually or jointly, in any account maintained with or through you, as allowed by law.

2. *Cancellation Provisions:* You are authorized, in your discretion, should the Client die or should you for any reason whatever deem it necessary for my/our protection, without notice, to cancel any outstanding orders in order to close out the Account(s), in whole or in part, or to close out any commitment made for or on behalf of the Account.

3. *General Provisions:* Any sale, purchase or cancellation authorized hereby may be according to your judgment and at your discretion in the exchange or other market where such business is then usually transacted, or at public auction, or at private sale without advertising the same and without any notice, prior tender, demand or call, and you may purchase the whole or any part of such securities free from any right of redemption, and the Client shall remain liable for any deficiency. It is further understood that any notice, prior tender, demand or call from you shall not be considered a waiver of any provision of this Agreement.

4. *Jurisdiction:* This Agreement and its enforcement shall be governed by the laws of the State of Indiana, without regard to its choice of laws provisions, and its provisions shall be continuous. This Agreement shall inure to the benefit of cfd Investments, Inc. and any successors or assigns, and shall be binding upon the Client and the estate, executors, administrators and permitted assigns of the Client.

5. *Age:* All signatories to the Account, if natural persons, hereby represent that they are of full legal age in their jurisdiction of residence.

6. *Interest in Account:* No one except the signatories to the Account has any interest in any accounts with you unless such interest is revealed in the title of such accounts and, in any case, the signator(ies) hereto has/have the interest(s) indicated in such title.

7. *Orders and Statements:* Reports of the execution of orders and statements of the Account shall be conclusive if not objected to in writing, the former within two days and the latter within ten days, after forwarding by you or your agents to the Client.

8. *Address:* Communications relating to the Account may be sent to the Client at the current address of record for the Account which is on file at your office, or at such address as the Client may hereafter give you in writing. All communications so sent, whether by mail, telegraph, messenger or otherwise, shall be deemed given to the Client personally, whether actually received or not.

CUSTOMER INQUIRIES/COMPLAINTS: I/We understand that inquiries regarding the Account should be directed to the representative of record for the Account. Further, I/we understand that I/we should direct any complaint regarding the Account to the attention of the firm's Chief Compliance Officer at the firm's Home Office address and telephone number.

PREDISPUTE ARBITRATION AGREEMENT: Any controversy arising out of or relating to the Account, to transactions with or for me/us, or to this Agreement, or breach thereof, shall be submitted to arbitration, which shall be conducted according to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc. then in effect. Notice preliminary to, in conjunction with, or incident to such arbitration proceedings shall be sent to me/us by certified mail, and personal service is hereby waived. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof, without notice to me/us. Neither this Agreement nor any provision thereof can be amended or waived except by a writing signed by both me/us and a principal executive officer of cfd Investments, Inc. No persons shall bring a putative or certified class action to arbitration, nor seek to enforce any predispute arbitration agreement against any person who has initiated in court a putative or certified class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until; (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this Agreement except to the extent stated herein.

*This Agreement contains a predispute arbitration clause. By signing an arbitration agreement the parties agree as follows:*

• *All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.*

• *Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.*

• *The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.*

• *The arbitrators do not have to explain the reason(s) for their award.*

• *The panel of arbitrators will typically include a minority or arbitrators who were or are affiliated with the securities industry.*

• *The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.*

• *The rules of the arbitration forum in which the claim is filed, and any amendments thereto, shall be incorporated into this agreement.*

PRIVACY POLICY STATEMENT: I/We acknowledge receipt of the Privacy Policy Statement which explains how cfd Investments, Inc. uses the personal information collected about me/us to serve my/our Account.

ANTI MONEY LAUNDERING: I/We understand that, in an effort to fight terrorism and money laundering activities, Federal law requires that you obtain, verify, and record information regarding the identity of each person who opens an account. I/We also understand that, in addition to the information requested on the client New Account Form, you may request to see a picture ID or other identifying documents.

**cfd Investments**
608 East Boulevard  Kokomo, IN 46902
765.453.9600   800.745.7776

| Single ☐ | JTWRS ☐ | JTTIC ☐ | *Trust ☐ | Charitable ☐ | Corporate ☐ | *Custodial ☐ | Partnership ☐ |
| IRA ☒ | Simple IRA ☐ | SEP ☐ | Coverdell ☐ | ROTH IRA ☐ | 401(k) ☐ | 403(b) ☐ | 529 ☐ | Other* ☐ |

*If Trust, Custodial, or Other is selected, please fill out Trust/Custodial Titling below

Owner:
First Name: Tom
M.I.: H
Last Name: Lindsey
US Citizen (Check One): ☒ Y  ○ N

REDACTED

REDACTED

My signature below signifies that the above information is complete and accurate to the best of my knowledge. Furthermore, I have not provided any false information with the intent of conducting any criminal activity or in the furtherance of any criminal activity. The undersigned(s) have been provided the opportunity to ask questions concerning the objectives, cost, expenses, risk, and liquidity of any security transacted through cfd Investments, Inc. I acknowledge that the Account Agreement on the back of this form contains a predispute arbitration clause.

Owner's Signature: Thomas H Lindsey
Date: 10-2-06

Registered Representative's Signature: [signature]
Rep ID: 378

Registered Principal's Signature: [signature]

Co-Owner's Signature:
Date:

Registered Representative's Printed Name: Mike Curtiss
Date: 10/9/06

Registered Principal's Printed Name: Kris Nak
Date: 10-16-06

FOR REPRESENTATIVE USE ONLY - PLEASE FILL OUT THE DATES BELOW:
NEW ACCOUNT FORM: 10/4/06
PRIVACY POLICY: 10/4/06
BUSINESS CONTINUITY PLAN: 10/4/06
Client Update: ☐

EXHIBIT B

ACCOUNT AGREEMENT

1. *Provisions in the Event of Failure to Pay or Deliver:* Whenever I, the "Client" do not, on or before the settlement date, pay in full for any security purchased for my account ("Account"), or deliver any security sold for such Account, cfd Investments, Inc. (or "you") are authorized (subject to the provisions of any applicable statute, rule or regulation),

   a. until payment or delivery is made in full, to pledge, repledge, hypothecate or rehypothecate, without notice, any or all securities or commodities or any other property, for the sum then due or for a greater or lesser sum and without retaining in your possession and control for delivery a like amount of similar securities, and/or

   b. to sell any or all securities which you may hold for the Account (either individually or jointly with others), or to buy-in any or all securities required to make delivery for the Account, or to cancel any or all outstanding orders or commitments for the Account, or to otherwise offset any amounts owed to you against other assets owned by me, individually or jointly, in any account maintained with or through you, as allowed by law.

2. *Cancellation Provisions:* You are authorized, in your discretion, should the Client die or should you for any reason whatever deem it necessary for my/our protection, without notice, to cancel any outstanding orders in order to close out the Account(s), in whole or in part, or to close out any commitment made for or on behalf of the Account.

3. *General Provisions:* Any sale, purchase or cancellation authorized hereby may be according to your judgment and at your discretion in the exchange or other market where such business is then usually transacted, or at public auction, or at private sale without advertising the same and without any notice, prior tender, demand or call, and you may purchase the whole or any part of such securities free from any right of redemption, and the Client shall remain liable for any deficiency. It is further understood that any notice, prior tender, demand or call from you shall not be considered a waiver of any provision of this Agreement.

4. *Jurisdiction:* This Agreement and its enforcement shall be governed by the laws of the State of Indiana, without regard to its choice of laws provisions, and its provisions shall be continuous. This Agreement shall inure to the benefit of cfd Investments, Inc. and any successors or assigns, and shall be binding upon the Client and the estate, executors, administrators and permitted assigns of the Client.

5. *Age:* All signatories to the Account, if natural persons, hereby represent that they are of full legal age in their jurisdiction of residence.

6. *Interest in Account:* No one except the signatories to the Account has any interest in any accounts with you unless such interest is revealed in the title of such accounts and, in any case, the signator(ies) hereto has/have the interest(s) indicated in such title.

7. *Orders and Statements:* Reports of the execution of orders and statements of the Account shall be conclusive if not objected to in writing, the former within two days and the latter within ten days, after forwarding by you or your agents to the Client.

8. *Address:* Communications relating to the Account may be sent to the Client at the current address of record for the Account which is on file at your office, or at such address as the Client may hereafter give you in writing. All communications so sent, whether by mail, telegraph, messenger or otherwise, shall be deemed given to the Client personally, whether actually received or not.

CUSTOMER INQUIRIES/COMPLAINTS: I/We understand that inquiries regarding the Account should be directed to the representative of record for the Account. Further, I/we understand that I/we should direct any complaint regarding the Account to the attention of the firm's Chief Compliance Officer at the firm's Home Office address and telephone number.

PREDISPUTE ARBITRATION AGREEMENT: Any controversy arising out of or relating to the Account, to transactions with or for me/us, or to this Agreement, or breach thereof, shall be submitted to arbitration, which shall be conducted according to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc. then in effect. Notice preliminary to, in conjunction with, or incident to such arbitration proceedings shall be sent to me/us by certified mail, and personal service is hereby waived. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof, without notice to me/us. Neither this Agreement nor any provision thereof can be amended or waived except by a writing signed by both me/us and a principal executive officer of cfd Investments, Inc. No persons shall bring a putative or certified class action to arbitration, nor seek to enforce any predispute arbitration agreement against any person who has initiated in court a putative or certified class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until; (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this Agreement except to the extent stated herein.

*This Agreement contains a predispute arbitration clause. By signing an arbitration agreement the parties agree as follows:*

• *All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.*

• *Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.*

• *The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.*

• *The arbitrators do not have to explain the reason(s) for their award.*

• *The panel of arbitrators will typically include a minority or arbitrators who were or are affiliated with the securities industry.*

• *The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.*

• *The rules of the arbitration forum in which the claim is filed, and any amendments thereto, shall be incorporated into this agreement.*

PRIVACY POLICY STATEMENT: I/We acknowledge receipt of the Privacy Policy Statement which explains how cfd Investments, Inc. uses the personal information collected about me/us to serve my/our Account.

ANTI MONEY LAUNDERING: I/We understand that, in an effort to fight terrorism and money laundering activities, Federal law requires that you obtain, verify, and record information regarding the identity of each person who opens an account. I/We also understand that, in addition to the information requested on the client New Account Form, you may request to see a picture ID or other identifying documents.

**cfd Investments**
608 East Boulevard  Kokomo, IN 46902
765.453.9600  800.745.7776

| Single ☐ | JTWRS ☐ | JTTIC ☒ | *Trust ☐ | Charitable ☐ | Corporate ☐ | *Custodial ☐ | Partnership ☐ |
| IRA ☐ | Simple IRA ☐ | SEP ☐ | Coverdell ☐ | ROTH IRA ☐ | 401(k) ☐ | 403(b) ☐ | 529 ☐ | Other* ☐ |

*if Trust, Custodial, or Other is selected, please fill out Trust/Custodial Titling below

**Owner:**
First Name: Shirley
M.I.:
Last Name: Martin
US Citizen (Check One): ☒ Y  ☐ N

REDACTED

REDACTED

My signature below signifies that the above information is complete and accurate to the best of my knowledge. Furthermore, I have not provided any false information with the intent of conducting any criminal activity or in the furtherance of any criminal activity. The undersigned(s) have been provided the opportunity to ask questions concerning the objectives, cost, expenses, risk, and liquidity of any security transacted through cfd Investments, Inc. I acknowledge that the Account Agreement on the back of this form contains a predispute arbitration clause.

Owner's Signature: *Shirley Martin*   Date: 2/1/07
Co-Owner's Signature: *Ronald Martin*   Date: 2/1/07

Registered Representative's Signature: *Michael Curtis*   Rep ID: 378   Registered Representative's Printed Name: Mike Curtis   Date: 2/1/07

Registered Principal's Signature: *Sandra Dlubasko*   Registered Principal's Printed Name: Sandra Dlubasko   Date: 2-6-07

**FOR REPRESENTATIVE USE ONLY (PLEASE FILL OUT THE DATES BELOW):**

| NEW ACCOUNT FORM | PRIVACY POLICY | BUSINESS CONTINUITY PLAN | Client Update |
| 2/1/07 | 2/1/07 | 2/1/07 | |

EXHIBIT C

ACCOUNT AGREEMENT

1. *Provisions in the Event of Failure to Pay or Deliver:* Whenever I, the "Client" do not, on or before the settlement date, pay in full for any security purchased for my account ("Account"), or deliver any security sold for such Account, cfd Investments, Inc. (or "you") are authorized (subject to the provisions of any applicable statute, rule or regulation),

    a. until payment or delivery is made in full, to pledge, repledge, hypothecate or rehypothecate, without notice, any or all securities or commodities or any other property, for the sum then due or for a greater or lesser sum and without retaining in your possession and control for delivery a like amount of similar securities, and/or

    b. to sell any or all securities which you may hold for the Account (either individually or jointly with others), or to buy-in any or all securities required to make delivery for the Account, or to cancel any or all outstanding orders or commitments for the Account, or to otherwise offset any amounts owed to you against other assets owned by me, individually or jointly, in any account maintained with or through you, as allowed by law.

2. *Cancellation Provisions:* You are authorized, in your discretion, should the Client die or should you for any reason whatever deem it necessary for my/our protection, without notice, to cancel any outstanding orders in order to close out the Account(s), in whole or in part, or to close out any commitment made for or on behalf of the Account.

3. *General Provisions:* Any sale, purchase or cancellation authorized hereby may be according to your judgment and at your discretion in the exchange or other market where such business is then usually transacted, or at public auction, or at private sale without advertising the same and without any notice, prior tender, demand or call, and you may purchase the whole or any part of such securities free from any right of redemption, and the Client shall remain liable for any deficiency. It is further understood that any notice, prior tender, demand or call from you shall not be considered a waiver of any provision of this Agreement.

4. *Jurisdiction:* This Agreement and its enforcement shall be governed by the laws of the State of Indiana, without regard to its choice of laws provisions, and its provisions shall be continuous. This Agreement shall inure to the benefit of cfd Investments, Inc. and any successors or assigns, and shall be binding upon the Client and the estate, executors, administrators and permitted assigns of the Client.

5. *Age:* All signatories to the Account, if natural persons, hereby represent that they are of full legal age in their jurisdiction of residence.

6. *Interest in Account:* No one except the signatories to the Account has any interest in any accounts with you unless such interest is revealed in the title of such accounts and, in any case, the signator(ies) hereto has/have the interest(s) indicated in such title.

7. *Orders and Statements:* Reports of the execution of orders and statements of the Account shall be conclusive if not objected to in writing, the former within two days and the latter within ten days, after forwarding by you or your agents to the Client.

8. *Address:* Communications relating to the Account may be sent to the Client at the current address of record for the Account which is on file at your office, or at such address as the Client may hereafter give you in writing. All communications so sent, whether by mail, telegraph, messenger or otherwise, shall be deemed given to the Client personally, whether actually received or not.

CUSTOMER INQUIRIES/COMPLAINTS: I/We understand that inquiries regarding the Account should be directed to the representative of record for the Account. Further, I/we understand that I/we should direct any complaint regarding the Account to the attention of the firm's Chief Compliance Officer at the firm's Home Office address and telephone number.

PREDISPUTE ARBITRATION AGREEMENT: Any controversy arising out of or relating to the Account, to transactions with or for me/us, or to this Agreement, or breach thereof, shall be submitted to arbitration, which shall be conducted according to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc. then in effect. Notice preliminary to, in conjunction with, or incident to such arbitration proceedings shall be sent to me/us by certified mail, and personal service is hereby waived. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof, without notice to me/us. Neither this Agreement nor any provision thereof can be amended or waived except by a writing signed by both me/us and a principal executive officer of cfd Investments, Inc. No persons shall bring a putative or certified class action to arbitration, nor seek to enforce any predispute arbitration agreement against any person who has initiated in court a putative or certified class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until; (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this Agreement except to the extent stated herein.

*This Agreement contains a predispute arbitration clause. By signing an arbitration agreement the parties agree as follows:*

- *All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.*
- *Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.*
- *The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.*
- *The arbitrators do not have to explain the reason(s) for their award.*
- *The panel of arbitrators will typically include a minority or arbitrators who were or are affiliated with the securities industry.*
- *The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.*
- *The rules of the arbitration forum in which the claim is filed, and any amendments thereto, shall be incorporated into this agreement.*

PRIVACY POLICY STATEMENT: I/We acknowledge receipt of the Privacy Policy Statement which explains how cfd Investments, Inc. uses the personal information collected about me/us to serve my/our Account.

ANTI MONEY LAUNDERING: I/We understand that, in an effort to fight terrorism and money laundering activities, Federal law requires that you obtain, verify, and record information regarding the identity of each person who opens an account. I/We also understand that, in addition to the information requested on the client New Account Form, you may request to see a picture ID or other identifying documents.

**cfd Investments**
608 East Boulevard Kokomo, IN 46902
765.453.9600  800.745.7776

| Single ☐ | JTWRS ☐ | JTTIC ☐ | *Trust ☐ | Charitable ☐ | Corporate ☐ | *Custodial ☐ | Partnership ☐ |
| IRA ☒ | Simple IRA ☐ | SEP ☐ | Coverdell ☐ | ROTH IRA ☐ | 401(k) ☐ | 403(b) ☐ | 529 ☐ | Other* ☐ |

*if Trust, Custodial, or Other is selected, please fill out Trust/Custodial Titling below

**Owner:**
First Name: Bill
M.I.:
Last Name: Paini
US Citizen (Check One): ☒ Y  ○ N

REDACTED

REDACTED

My signature below signifies that the above information is complete and accurate to the best of my knowledge. Furthermore, I have not provided any false information with the intent of conducting any criminal activity or in the furtherance of any criminal activity. The undersigned(s) have been provided the opportunity to ask questions concerning the objectives, cost, expenses, risk, and liquidity of any security transacted through cfd Investments, Inc. I acknowledge that the Account Agreement on the back of this form contains a predispute arbitration clause.

Owner's Signature / Date: 1/5/07
Registered Representative's Signature
Registered Principal's Signature

Rep ID: 378
Co-Owner's Signature / Date
Registered Representative's Printed Name: Mike Curtiss — 1/5/07
Registered Principal's Printed Name: Sandra Dlebasko — 1-11-07

**FOR REPRESENTATIVE USE ONLY (PLEASE FILL OUT THE DATES BELOW):**
NEW ACCOUNT FORM: 1/5/07
PRIVACY POLICY: 1/5/07
BUSINESS CONTINUITY PLAN: 1/5/07
Client Update

**EXHIBIT D**

ACCOUNT AGREEMENT

1. *Provisions in the Event of Failure to Pay or Deliver:* Whenever I, the "Client" do not, on or before the settlement date, pay in full for any security purchased for my account ("Account"), or deliver any security sold for such Account, cfd Investments, Inc. (or "you") are authorized (subject to the provisions of any applicable statute, rule or regulation),

   a. until payment or delivery is made in full, to pledge, repledge, hypothecate or rehypothecate, without notice, any or all securities or commodities or any other property, for the sum then due or for a greater or lesser sum and without retaining in your possession and control for delivery a like amount of similar securities, and/or

   b. to sell any or all securities which you may hold for the Account (either individually or jointly with others), or to buy-in any or all securities required to make delivery for the Account, or to cancel any or all outstanding orders or commitments for the Account, or to otherwise offset any amounts owed to you against other assets owned by me, individually or jointly, in any account maintained with or through you, as allowed by law.

2. *Cancellation Provisions:* You are authorized, in your discretion, should the Client die or should you for any reason whatever deem it necessary for my/our protection, without notice, to cancel any outstanding orders in order to close out the Account(s), in whole or in part, or to close out any commitment made for or on behalf of the Account.

3. *General Provisions:* Any sale, purchase or cancellation authorized hereby may be according to your judgment and at your discretion in the exchange or other market where such business is then usually transacted, or at public auction, or at private sale without advertising the same and without any notice, prior tender, demand or call, and you may purchase the whole or any part of such securities free from any right of redemption, and the Client shall remain liable for any deficiency. It is further understood that any notice, prior tender, demand or call from you shall not be considered a waiver of any provision of this Agreement.

4. *Jurisdiction:* This Agreement and its enforcement shall be governed by the laws of the State of Indiana, without regard to its choice of laws provisions, and its provisions shall be continuous. This Agreement shall inure to the benefit of cfd Investments, Inc. and any successors or assigns, and shall be binding upon the Client and the estate, executors, administrators and permitted assigns of the Client.

5. *Age:* All signatories to the Account, if natural persons, hereby represent that they are of full legal age in their jurisdiction of residence.

6. *Interest in Account:* No one except the signatories to the Account has any interest in any accounts with you unless such interest is revealed in the title of such accounts and, in any case, the signator(ies) hereto has/have the interest(s) indicated in such title.

7. *Orders and Statements:* Reports of the execution of orders and statements of the Account shall be conclusive if not objected to in writing, the former within two days and the latter within ten days, after forwarding by you or your agents to the Client.

8. *Address:* Communications relating to the Account may be sent to the Client at the current address of record for the Account which is on file at your office, or at such address as the Client may hereafter give you in writing. All communications so sent, whether by mail, telegraph, messenger or otherwise, shall be deemed given to the Client personally, whether actually received or not.

CUSTOMER INQUIRIES/COMPLAINTS: I/We understand that inquiries regarding the Account should be directed to the representative of record for the Account. Further, I/we understand that I/we should direct any complaint regarding the Account to the attention of the firm's Chief Compliance Officer at the firm's Home Office address and telephone number.

PREDISPUTE ARBITRATION AGREEMENT: Any controversy arising out of or relating to the Account, to transactions with or for me/us, or to this Agreement, or breach thereof, shall be submitted to arbitration, which shall be conducted according to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc. then in effect. Notice preliminary to, in conjunction with, or incident to such arbitration proceedings shall be sent to me/us by certified mail, and personal service is hereby waived. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof, without notice to me/us. Neither this Agreement nor any provision thereof can be amended or waived except by a writing signed by both me/us and a principal executive officer of cfd Investments, Inc. No persons shall bring a putative or certified class action to arbitration, nor seek to enforce any predispute arbitration agreement against any person who has initiated in court a putative or certified class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until; (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this Agreement except to the extent stated herein.

*This Agreement contains a predispute arbitration clause. By signing an arbitration agreement the parties agree as follows:*

• *All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.*

• *Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.*

• *The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.*

• *The arbitrators do not have to explain the reason(s) for their award.*

• *The panel of arbitrators will typically include a minority or arbitrators who were or are affiliated with the securities industry.*

• *The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.*

• *The rules of the arbitration forum in which the claim is filed, and any amendments thereto, shall be incorporated into this agreement.*

PRIVACY POLICY STATEMENT: I/We acknowledge receipt of the Privacy Policy Statement which explains how cfd Investments, Inc. uses the personal information collected about me/us to serve my/our Account.

ANTI MONEY LAUNDERING: I/We understand that, in an effort to fight terrorism and money laundering activities, Federal law requires that you obtain, verify, and record information regarding the identity of each person who opens an account. I/We also understand that, in addition to the information requested on the client New Account Form, you may request to see a picture ID or other identifying documents.

**CFD Investments**
608 East Boulevard Kokomo, IN 46902
765.453.9600  800.745.7776

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Single ☐ | JTWRS ☐ | JTTIC ☒ | *Trust ☐ | Charitable ☐ | Corporate ☐ | *Custodial ☐ | Partnership ☐ | | |
| IRA ☐ | Simple IRA ☐ | SEP ☐ | Coverdell ☐ | ROTH IRA ☐ | 401(k) ☐ | 403(b) ☐ | 529 ☐ | Other* ☐ | |

*If Trust, Custodial, or Other is selected, please fill out Trust/Custodial Titling below

**Owner:**
First Name: Michael
M.I.:
Last Name: Sexton
US Citizen (Check One): ☒ Y  ○ N
Date of Birth: [REDACTED]
Marital Status:
No. of Dependents:
Tax ID:

REDACTED

REDACTED

My signature below signifies that the above information is complete and accurate to the best of my knowledge. Furthermore, I have not provided any false information with the intent of conducting any criminal activity or in the furtherance of any criminal activity. The undersigned(s) have been provided the opportunity to ask questions concerning the objectives, cost, expenses, risk, and liquidity of any security transacted through cfd Investments, Inc. I acknowledge that the Account Agreement on the back of this form contains a predispute arbitration clause

Owner's Signature: [signed] M R. Sext—   Date: 2/10/07
Co-Owner's Signature: Stephanie K. Sexton   Date: 2/10/07
Registered Representative's Signature: [signed] Michael Curtiss   Rep ID: 378   Registered Representative's Printed Name: Mike Curtiss   Date: 2/12/07
Registered Principal's Signature: [signed] Sandra Nebasko   Registered Principal's Printed Name: Sandra Nebasko   Date: 2-19-07

FOR REPRESENTATIVE USE ONLY (PLEASE FILL OUT THE DATES BELOW):
NEW ACCOUNT FORM: 2/5/07
PRIVACY POLICY: 2/5/07
BUSINESS CONTINUITY PLAN: 2/5/07
Client Update: ☐

EXHIBIT E

ACCOUNT AGREEMENT

1. *Provisions in the Event of Failure to Pay or Deliver:* Whenever I, the "Client" do not, on or before the settlement date, pay in full for any security purchased for my account ("Account"), or deliver any security sold for such Account, cfd Investments, Inc. (or "you") are authorized (subject to the provisions of any applicable statute, rule or regulation),

    a. until payment or delivery is made in full, to pledge, repledge, hypothecate or rehypothecate, without notice, any or all securities or commodities or any other property, for the sum then due or for a greater or lesser sum and without retaining in your possession and control for delivery a like amount of similar securities, and/or

    b. to sell any or all securities which you may hold for the Account (either individually or jointly with others), or to buy-in any or all securities required to make delivery for the Account, or to cancel any or all outstanding orders or commitments for the Account, or to otherwise offset any amounts owed to you against other assets owned by me, individually or jointly, in any account maintained with or through you, as allowed by law.

2. *Cancellation Provisions:* You are authorized, in your discretion, should the Client die or should you for any reason whatever deem it necessary for my/our protection, without notice, to cancel any outstanding orders in order to close out the Account(s), in whole or in part, or to close out any commitment made for or on behalf of the Account.

3. *General Provisions:* Any sale, purchase or cancellation authorized hereby may be according to your judgment and at your discretion in the exchange or other market where such business is then usually transacted, or at public auction, or at private sale without advertising the same and without any notice, prior tender, demand or call, and you may purchase the whole or any part of such securities free from any right of redemption, and the Client shall remain liable for any deficiency. It is further understood that any notice, prior tender, demand or call from you shall not be considered a waiver of any provision of this Agreement.

4. *Jurisdiction:* This Agreement and its enforcement shall be governed by the laws of the State of Indiana, without regard to its choice of laws provisions, and its provisions shall be continuous. This Agreement shall inure to the benefit of cfd Investments, Inc. and any successors or assigns, and shall be binding upon the Client and the estate, executors, administrators and permitted assigns of the Client.

5. *Age:* All signatories to the Account, if natural persons, hereby represent that they are of full legal age in their jurisdiction of residence.

6. *Interest in Account:* No one except the signatories to the Account has any interest in any accounts with you unless such interest is revealed in the title of such accounts and, in any case, the signator(ies) hereto has/have the interest(s) indicated in such title.

7. *Orders and Statements:* Reports of the execution of orders and statements of the Account shall be conclusive if not objected to in writing, the former within two days and the latter within ten days, after forwarding by you or your agents to the Client.

8. *Address:* Communications relating to the Account may be sent to the Client at the current address of record for the Account which is on file at your office, or at such address as the Client may hereafter give you in writing. All communications so sent, whether by mail, telegraph, messenger or otherwise, shall be deemed given to the Client personally, whether actually received or not.

CUSTOMER INQUIRIES/COMPLAINTS: I/We understand that inquiries regarding the Account should be directed to the representative of record for the Account. Further, I/we understand that I/we should direct any complaint regarding the Account to the attention of the firm's Chief Compliance Officer at the firm's Home Office address and telephone number.

PREDISPUTE ARBITRATION AGREEMENT: Any controversy arising out of or relating to the Account, to transactions with or for me/us, or to this Agreement, or breach thereof, shall be submitted to arbitration, which shall be conducted according to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc. then in effect. Notice preliminary to, in conjunction with, or incident to such arbitration proceedings shall be sent to me/us by certified mail, and personal service is hereby waived. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof, without notice to me/us. Neither this Agreement nor any provision thereof can be amended or waived except by a writing signed by both me/us and a principal executive officer of cfd Investments, Inc. No persons shall bring a putative or certified class action to arbitration, nor seek to enforce any predispute arbitration agreement against any person who has initiated in court a putative or certified class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until; (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this Agreement except to the extent stated herein.

*This Agreement contains a predispute arbitration clause. By signing an arbitration agreement the parties agree as follows:*

• *All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.*

• *Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.*

• *The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.*

• *The arbitrators do not have to explain the reason(s) for their award.*

• *The panel of arbitrators will typically include a minority or arbitrators who were or are affiliated with the securities industry.*

• *The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.*

• *The rules of the arbitration forum in which the claim is filed, and any amendments thereto, shall be incorporated into this agreement.*

PRIVACY POLICY STATEMENT: I/We acknowledge receipt of the Privacy Policy Statement which explains how cfd Investments, Inc. uses the personal information collected about me/us to serve my/our Account.

ANTI MONEY LAUNDERING: I/We understand that, in an effort to fight terrorism and money laundering activities, Federal law requires that you obtain, verify, and record information regarding the identity of each person who opens an account. I/We also understand that, in addition to the information requested on the client New Account Form, you may request to see a picture ID or other identifying documents.

Member NASD & SIPC

# Client Account Form

Gary B. Kessinger

(Client (s) Name (s) (Both if joint account)

ner or Minor Date of Birth

REDACTED

### AGREEMENT TO ARBITRATE

(i) Arbitration is final and binding to the parties.
(ii) The parties are waiving their right to seek remedies in court, including the right to a jury trial.
(iii) Pre-arbitration discovery is generally more limited than and different from court proceedings.
(iv) The arbitrators' award is not required to include factual findings or legal reasoning and any party's right to appeal or seek modification of arbitrators is strictly limited.
(v) The panel of arbitrators will typically include a minority of arbitrators who were, or are, affiliated with the securities industry.

"No person shall bring a putative or certified class action to arbitration, nor seek to enforce any pre-disputed arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class who has opted out of the class with respect to any claim encompassed by the putative class action until: (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this agreement except to the extent stated herein."

The undersigned(s) hereby agree that any and all controversies, disputes or disagreements that may at any time occur as a result of the purchase or sale of any security through CFD INVESTMENTS, INC. or any other transaction by and between CFD INVESTMENTS, INC. and the undersigned, shall be resolved solely through arbitration compliance with the National Association of Securities Dealers' CODE OF ARBITRATION PROCEDURE, as may be amended, from time to time. Any such arbitration shall include CFD INVESTMENTS, INC., its Registered Representatives, Directors, Officers, Principals, employees, and agents and any successors or assigns of CFD INVESTMENTS, INC. Unless otherwise directed by law, all awards, if any, rendered as a result of such arbitration shall be final and not subject to review or appeal.

The undersigned(s) hereby acknowledge(s) receipt of a copy of this Agreement to Arbitrate and affirms that it has been read in its entirety and that the information above is true and accurate. The undersigned(s) have been provided the opportunity to ask questions concerning the objectives, costs and expenses, risk and liquidity of any security transacted through CFD INVESTMENTS, INC.

**THIS AGREEMENT CONTAINS A PREDISPUTE ARBITRATION CLAUSE SET FORTH IN THE PARAGRAPH IMMEDIATELY ABOVE.**

| Gary B Kessinger | Gary B. Kessinger | 12/8/04 |
| Customer Signature | Print Customer Name | Date |

| | | |
| Customer Signature (If Joint Account) | Print Customer Name | Date |

| [signature] | Michael J. Curtiss | 12/8/04 |
| Signature of Registered Rep. | Print Registered Rep. Name | Date |

| [signature] | Kris Kole | 12/13/04 |
| Signature of Registered Principal | Print Registered Principal Name | Date |

*Advisory Services are Provided through Creative Financial Designs, Inc., a Registered Investment Adviser, And Securities are Offered Through CFD Investments, Inc., a Registered Broker/Dealer, Member NASD & SIPC, 608 East Boulevard, Kokomo, IN 46902 765.453.9600*



EXHIBIT F