UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Private Actions Trust,<br><br>   Plaintiff,<br><br>v.<br><br>ADVISORY GROUP EQUITY SERVICES, LTD., *et al.*,<br><br>   Defendants. | CASE NO.: 1:11-CV-00475-GMS |

**DEFENDANT MONEY CONCEPTS CAPITAL CORP.'S MOTION TO DISMISS COMPLAINT FOR LACK OF STANDING AND SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CAUSE OF ACTION**

Defendant Money Concepts Capital Corp. ("Money Concepts"), by undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and D. Del. L.R. 7.1.2, respectfully moves for entry of an Order dismissing all counts of the Complaint asserted against Money Concepts with prejudice,[1] and in support thereof states as follows.

Plaintiff James R. Zazzali ("Trustee") commenced this proceeding solely in his capacity as trustee of the DBSI Private Actions Trust (the "PAT"), a trust created pursuant to a confirmed Plan of Reorganization in DBSI's Chapter 11 bankruptcy proceeding. The Trustee asserts a variety of federal securities law claims and state common law claims against Money Concepts and dozens of other broker-dealers as well as their unnamed parent companies arising out of thousands of alleged DBSI investment-related transactions with unnamed customers.

All of the claims asserted by Trustee are claims that were held by DBSI's investors, and that were only acquired by the Trustee pursuant to the DBSI Bankruptcy Court's Confirmation

---

[1] In filing this Motion to Dismiss, Money Concepts expressly reserves and does not waive its right to move to compel arbitration of the claims at issue or the claims of any particular DBSI investor and client of Money Concepts, none of whom are identified in the Complaint.

Order that established the PAT and vested Plaintiff with the purported authority to acquire and prosecute the DBSI investors' putative claims against Money Concepts and the other broker-dealer Defendants.

Pursuant to the United States Supreme Court's recent opinion in *Stern v. Marshall,* 131 S. Ct. 2594 (2011), however, the Bankruptcy Court's Confirmation Order vesting the Trustee with authority to prosecute the claims in his capacity as the PAT trustee is invalid and unconstitutional. Consequently, the Trustee has no standing to bring this action and this Court lacks subject matter jurisdiction over the claims asserted against Money Concepts.

Money Concepts further moves to dismiss the Trustee's claims against it for failure to state a cause of action. A cursory reading of the Complaint reveals that the Trustee has impermissibly attempted to assert federal securities law fraud claims and related common law claims based on thousands of individualized securities transactions involving unidentified DBSI investors purchasers. The Complaint, however, fails to even identify a single purported investor and client of Money Concepts who actually purchased any DBSI security, and fails to allege any facts establishing any fraudulent misrepresentation or omission by Money Concepts with any particularly, much with the particularly required by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(b)) ("PSLRA") and Federal Rule of Civil Procedure 9(b). As a consequence of the numerous patent pleading deficiencies apparent on the face of the Complaint, all of the Trustee's federal and state law claims against Money Concepts must be dismissed.

Money Concepts incorporates by reference herein its Brief in Support of Motion to Dismiss filed contemporaneously herewith pursuant to D. Del. L.R. 7.1.3(c). In addition, Money Concepts formally joins in and incorporates by reference the legal arguments and citations of authority set forth in the *Opening Brief in Support of Certain Defendants' Motion to Dismiss Complaint for*

*Lack of Standing and Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)* filed October 24, 2011 [DE 154] and *Opening Brief in Support of Motion to Dismiss the Complaint in its Entirety with Prejudice for Failure to Sufficiently State Claims for Relief Against the Broker Dealer Defendants* filed October 24, 2011 [DE 158] in further support of Money Concepts' Motion to Dismiss.

WHEREFORE, Money Concepts respectfully requests that the Court enter an Order dismissing all Counts of the Complaint against Money Concepts, with prejudice, and granting such additional and further relief as the Court deems just and appropriate.

Respectfully submitted this 14th day of November, 2011.

/s/ Eric D. Boyle
Eric D. Boyle (#3577)
Franklin & Prokopik
300 Delaware Ave., Ste. 1340
Wilmington, DE 19801
Telephone: (410) 752-8700
Facsimile: (410) 752-6868
eboyle@fandpnet.com

-and-

AKERMAN SENTERFITT, LLP
Kathy M. Klock, Esquire
Florida Bar No. 348171
Jonathan B. Butler, Esquire
Florida Bar No. 0056197
222 Lakeview Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 671-3672
Facsimile: (561) 659-6313
kathy.klock@akerman.com
jonathan.butler@akerman.com

*Attorneys for Money Concepts Capital Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2011, I electronically filed the foregoing, together with all exhibits and attachments, with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered CM/ECF participants.

/s/ Eric D. Boyle