UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES R. ZAZZALI, as Trustee<br>  for the DBSI Private Actions Trust, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.:  1:11-CV-00475-GMS |
| ADVISORY GROUP EQUITY<br>  SERVICES, LTD., *et al*., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT MONEY CONCEPTS CAPITAL CORP.'S BRIEF IN SUPPORT OF MOTION
TO DISMISS COMPLAINT FOR LACK OF STANDING AND SUBJECT MATTER
<u>JURISDICTION AND FOR FAILURE TO STATE A CAUSE OF ACTION</u>**

FRANKLIN & PROKOPIK
Eric D. Boyle (#3577)
Franklin & Prokopik
300 Delaware Ave., Ste. 1340
Wilmington, DE 19801
Telephone:  (410) 752-8700
Facsimile: (410) 752-6868
eboyle@fandpnet.com

-and-

AKERMAN SENTERFITT, LLP
Kathy M. Klock, Esquire
Florida Bar No. 348171
Jonathan B. Butler, Esquire
Florida Bar No. 0056197
222 Lakeview Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone:  (561) 671-3672
Facsimile:   (561) 659-6313
kathy.klock@akerman.com
jonathan.butler@akerman.com

*Attorneys for Money Concepts Capital Corp.*

Dated November 14, 2011.

TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDING .................................................................1

SUMMARY OF ARGUMENT .........................................................................................1

STATEMENT OF FACTS ...............................................................................................2

ARGUMENT ................................................................................................................4

I.  The Trustee Lacks Standing To Prosecute Its Claims And The Court Thus Lacks
    Subject Matter Jurisdiction Over The Complaint ................................................4

II.  The Complaint Must Be Dismissed As A Consequence Of The Trustees' Wholesale
    Failure To Satisfy The Applicable Pleading Standards .......................................5

III.  The Trustee's Complaint Fails To Allege That Money Concepts Made Any False Or
    Misleading Statements ......................................................................................7

IV.  The Complaint Also Fails To Plead Facts Raising A Strong Interference Of Scienter By
    Money Concepts ...............................................................................................8

V.  The Complaint Fails To Plead That Any Money Concepts Customer Who Is A Beneficiary
    Of The Pat Relied On The Statements In DBSI's PPMs......................................10

VI.  The Complaint Fails To Plead Loss Causation .................................................11

VII.  The Trustee's State Law Claims Should Be Dismissed For Failure To State A Cause Of Action
    Against Money Concepts ..................................................................................12

VIII.  The Court Should Decline To Exercise Supplemental Jurisdiction
    Over The Trustee's State Law Claims ...............................................................15

CONCLUSION ...........................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Allen Neurosurgical Assoc. Inc. v. Lehigh Valley Health Network,*
   No. Civ. A. 99-4653, 2001 WL 41143 (ED. Pa. Jan. 18, 2001) ...................................... 37

*Anderson v. Wachovia Mortg. Corp.,*
   497 F. Supp. 2d 572 (D. Del. 2007) ...................................................................... 14

*Appert v. Morgan Stanley Dean Witter, Inc.,*
   No. 08-CV-7130, 2009 WL 3764120 (N.D. Ill. Nov. 6, 2009) ...................................... 13

*Ballay v. Legg Mason Wood Walker, Inc.,*
   925 F.2d 682 (3d Cir. 1991)........................................................................................9

*Block v. First Blood Assocs.,*
   988 F.2d 344 (2d Cir. 1993)........................................................................................15

*Carnegie-Mellon Univ. v. Cohill,*
   484 U.S. 343 (1988)....................................................................................................15

*Chaney v. Dreyfus Seri/. Corp.,*
   595 F.3d 219 (5th Cir. 2010)........................................................................................14

*City of Roseville Emps. Ret. Sys. v. Horizon Lines, Inc.,*
   2011 U.S, App. LEXIS 17701 (3d Cir. Aug. 24, 2011)....................................................9

*DeBlasio v. Merrill Lynch & Co., Inc.,*
   No. 07 Civ. 318 (WS), 2009 WL 2242605 (S.D.N.Y. July 27, 2009) ..................... 12

*DeKwiatkowski v. Bear Stearns & Co., Inc.,*
   306 F.3d 1293 (2d Cir. 2002)........................................................................................14

*Denney v, Deutsche Bank AG,*
   443 F,3d 253 (2d Cir. 2006)., ...................................................................................... 15

*Dura Pharm. v, Broudo,*
   544 U.S. 336 (2005) ..................................................................................................11

*Egervary v. Young,*
   366 F.3d 238 (3d Cir. 2004) ......................................................................................11

*Ernst & Ernst v. Hochfelder,*
   425 U.S., 185, 193 (1976)..............................................................................................9

*Halchuck v. Williams,*
   635 F. Supp. 2d 344 (D. Del. 2009) ..........................................................................

*In re Advanta Corp. Sec. Litig.,*
   180 F.3d 525 (3d Cir. 1999) ...................................................................................... 10

*In re Merrill Lynch & Co. Research Reports Sec. Litig.,*
 273 F. Supp. 2d 351 (S,D,N.Y. 2003) ........................................ 12

*In re NationsMart Corp. Sec. Litig.,*
 130 F.3d 309 (8th Cir. 1997) ...................................................... 10

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.,*
 311 F.3d 198 (3d Cir. 2002) .......................................................... 6

*In re Suprema Specialties, Inc. Sec. Litig.,*
 438 F.3d 256 (3d Cir. 2006) .......................................................... 9

*Int'l. Shoe Co. v. Wash.,*
 326 U.S. 310, 316 (1945) ............................................................ 16

*Island Green, LLC v. Querrard,*
 429 Fed. App'x 90 (3d, Cir. 2011) ............................................... 5

*Janus Capital Group, Inc. v. First Derivative Traders,*
 131 S. Ct. 2296 (2011) *("Janus")* .............................................. 7

*Keirnan v. Homeland, Inc.,*
 611 F.2d 785 (9th Cir. 1980) ...................................................... 11

*Kemezis v. Matthew,*
 Civ. A. No. 07-5086, 2008 WL 5191587 (ED. Pa, 2008) ............. 5

*Luminent Mortg. Capital, Inc. v. Merrill Lynch & Co.,*
 652 F. Supp. 2d 576 (E,D. Pa. 2009) ........................................... 5

*Matrixx Initiatives, Inc. v. Siracusano,*
 131 S. Ct. 1309 (2011) .................................................................. 8

*McCabe v. Ernst & Young,*
 494 F.3d 418 (3d Cir. 2007) ....................................................... 11

*Merck & Co. v. Reynolds,*
 130 S. Ct. 1784 (2010) .................................................................. 8

*Morilus v. Countrywide Home Loans, Inc.,*
 Civ. A. No 07-0900, 2007 WL 1810676 (RD. Pa, June 20, 2007) .......... 7

*Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc.,*
 267 F.3d 340, 346-47 (3rd. Cir. 2001). ........................................ 5

*Platsis v. E.F. Hutton & Co. Inc.,*
 642 F. Supp. 1277 (W,D. Mich. 1986) ....................................... 12

*Stern v. Marshall,*
 131 S. Ct. 2594 (2001) ............................................................... 1,4

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.,*
 552 U.S. 148 (2008) .................................................................... 10

*Suprerna Specialties,*
 438 F.3d at 284 ........................................................................... 11

*Tellabs, Inc, v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ..............................................................................9

*Tillman v. Taro Pharm. Indus. Ltd.,*
    No. 10-0v-04202, 2001 WL 3704762 (ND. Ill. Aug. 17, 2011) ......................14

*Trump Hotels & Casino Resorts v. Mirage Resorts,*
    140 F.3d 478 (3d Cir. 1998)...............................................................10

*Vess v, Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ............................................................12

*Washington v. Geren,*
    675 F. Supp. 2d 26 (D.D.C. 2009) .......................................................13

*Winer Family Trust v. Queen,*
    503 F.3d 319 (3d Cir. 2007)...........................................................6,9

## STATE CASES

*VLJW Tech., LLC v. Hewlett-Packard Co.,*
    840 A.2d 606 (Del. 2003) ...............................................................13

## FEDERAL STATUTES

15 U.S.C. § 78u-4(b) .........................................................................6

15 U.S.C. § 78u-4(b)(3)(A) ..................................................................6

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff James R. Zazzali (the "Trustee"), in his capacity as trustee of the DBSI Private Actions Trust (the "PAT"), commenced this proceeding pursuant to a confirmed plan of liquidation entered by the Bankruptcy Court in the Chapter 11 bankruptcy of Diversified Business Services & Investments, Inc. and ninety-three of its related entities (collectively, "DBSI").

The Trustee's May 26, 2011 Complaint is premised upon the alleged assignment and transfer of claims held by DBSI's investors to the PAT, and attempts to assert a variety of federal securities law and state common law claims against Defendant Money Concepts Capital Corp. ("Money Concepts") and sixty-three other broker-dealers, their fictional parent corporations, and hundreds of anonymous John Does.  The Trustee generically claims that Money Concepts and the other named broker-dealer Defendants committed securities fraud in connection with the sale of DBSI securities to their customers, none of whom are identified in the Complaint.

Money Concepts moves to dismiss the Complaint for a multitude of reasons.

## SUMMARY OF ARGUMENT

As demonstrated below, all of the Trustee's claims against Money Concepts are legally and factually defective and must be dismissed for the following reasons.

1.      First and foremost, pursuant to the United States Supreme Court's recent opinion in *Stern v. Marshall,* 131 S.Ct. 2594 (2011), the Bankruptcy Court's grant of authority to the Trustee to prosecute the claims in this case in his capacity as the PAT trustee is invalid and unconstitutional.  The Trustee therefore has no standing to bring this action and this Court lacks subject matter jurisdiction over the claims asserted against Money Concepts.

2.      Second, the Trustee's use of "shot-gun" group pleading against Money Concepts and the other broker-dealer Defendants is impermissible under the Private Securities Litigation

Reform Act and Federal Rule of Civil Procedure Rule 9(b).   Indeed, the Trustee's Section 10b and Rule 10b-5 claims must be dismissed for failure to allege any facts establishing his fraud claims with any particularity, let alone the particularity required by federal law.  The Trustee fails to even given Money Concepts bare notice of the claims against it, as the Complaint does not identify a single Money Concepts client who purchased DBSI securities or allege when they purchased the securities, from whom, what specific false statements they relied upon, and how Money Concepts acted with scienter.

3.     Third, the Complaint fails to set forth any basis for derivative or secondary liability against Money Concepts based on alleged misrepresentations and omissions made by DBSI in the private placement offerings it alone prepared.  It is settled law that parties such as Money Concepts cannot be held liable for "making" a false statement in connection with the offering and sale of securities merely by distributing the statement of another party or even providing substantial assistance in drafting that statement.

4.     Fourth, the Complaint fails to allege any facts establishing that Money Concepts acted with the requisite scienter, fails to allege proper reliance on any of misrepresentations purportedly made by Money Concepts, and fails to plead loss causation.

5.     Lastly, the Trustee's pendant state law claims must be dismissed because they are not plead with the requisite particularity and otherwise fail to state a case of action against Money Concepts, and because the Court should decline to exercise supplemental jurisdiction over the defective claims in any event.

<u>STATEMENT OF FACTS</u>

Pursuant to the DBSI Plan of Liquidation approved by Bankruptcy Court, the PAT was created to acquire and hold certain "Contributed Non-Estate Causes of Action" (*i.e.,* causes of action held by parties – namely the DBSI investors and creditors – other than the debtor DBSI or its

bankruptcy estate), and to commence litigation on those causes of action and distribute the proceeds. As such, the purported causes of action that were allegedly assigned to the PAT and which are the subject of this lawsuit are not claims held by DBSI or the DBSI bankruptcy estate, but instead consist entirely of potential claims held by DBSI investors (*i.e.*, DBSI creditors) against their broker-dealers. The Complaint, however, fails to identify any Money Concepts customer who invested in or purchased DBSI securities, and further fails to allege any facts demonstrating that a single Money Concepts' customer even assigned or transferred their alleged claims to the Trustee.

Conversely, neither Money Concepts nor any of the other named broker-dealer Defendants in this action are creditors of the DBSI Estate, and none have filed a proof of claim in its bankruptcy case. Similarly, none of the purported causes of action at issue were ever owned or held by DBSI as the debtor or the DBSI Estate, but instead were acquired and are held by the Trustee of the PAT, who has not been appointed as a trustee for or by the DBSI Estate under any provision of the Bankruptcy Code.

Prior to its bankruptcy, DBSI was a national real estate investment firm specializing in sponsoring real estate investments in which investors participated as tenants-in-common ("TICs"). Complaint, ¶¶ 224, 242. DBSI also engaged in a number of debt offerings between 2004 through 2008. Complaint ¶¶ 285, 288, 290, 295. The Trustee alleges that DBSI sold at least 291 different TICs or debt securities to at least 2,500 investors. Complaint, ¶¶ 212, 214. Significantly, each of these offerings were unregistered under Regulation D of the Securities Act of 1933, and each investor was required to be accredited under Regulation D.

The Trustee's Complaint generally alleges that Money Concepts and the other Defendant broker-dealers engaged in securities fraud because they "used," "distributed," "delivered," or "disseminated" Private Placement Memoranda ("PPMs") describing the unregistered DBSI offerings, and because every PPM that DBSI prepared and provided to the Defendant broker-dealers contained false and misleading statements. Complaint ¶¶ 114, 240, 307. The Complaint vaguely asserts that

Money Concepts and the other broker-dealer defendants knew or should have known that the statements in DBSI's PPMs were false. Complaint, ¶¶ 260, 269, 283, 307, 314, 318, 322, 349.

The Complaint does not, however, identify any facts or information either known by or available to Money Concepts that contradicted the PPMs or alerted Money Concepts to any alleged misrepresentations or omissions by DBSI.   The Complaint similarly does not allege any facts identifying any specific client of Money Concepts who purchased or invested in any specific DBSI TIC or debt offering, or who justifiably relied upon (or even read) any purportedly false or misleading information in any PPM provided to the customer by Money Concepts, or who incurred any losses as a proximate cause of any action or inaction of Money Concepts.

<u>ARGUMENT</u>

I.    <u>The Trustee Lacks Standing To Prosecute Its Claims and The Court Thus Lacks Subject Matter Jurisdiction Over The Complaint.</u>

As an initial matter, the Trustee's Complaint must be dismissed pursuant to *Fed.R.Civ.P.* 12(b)(1) because the Trustee lacks standing to assert the instant claims, and the Court thus lacks subject matter jurisdiction over this dispute.   In the United States Supreme Court's recent decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the Court held that the judicial power of a bankruptcy court is limited, at most, to the administration of assets of a bankrupt estate and the subsequent distribution of those assets to creditors of the estate in accordance with the priorities established by the Bankruptcy Code.

Here, however, the DBSI Bankruptcy Court's creation of the PAT was unauthorized, as the court had no constitutional authority to issue orders administering non-DBSI bankruptcy estate assets or providing for the distribution of those assets to holders of claims that were not asserted against the bankruptcy estate itself.   Consequently, the PAT is the product of an unconstitutional exercise of judicial authority by the Bankruptcy Court, and the Trustee, as the

representative of the PAT, lacks any lawful authority or standing to prosecute the claims asserted in the Complaint. *See also Official Comm. Of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 346¬47 (3rd Cir. 2001) (addressing creditor committee's standing to assert claims of debtor).

The Court thus lacks subject matter jurisdiction over the claims asserted against Money Concepts, and the Complaint must be dismissed pursuant to *Fed.R.Civ.P.* 12(b)(1).

II.   The Complaint Must Be Dismissed As A Consequence Of the Trustees' Wholesale Failure to Satisfy the Applicable Pleading Standards.

Even if the Trustee had standing to bring claims against Money Concepts, the Complaint is still woefully defective and must be dismissed pursuant to *Fed.R.Civ.P.* 12(b)(6) for failure to state a cause of action.

First, the Complaint runs afoul of the rule prohibiting a plaintiff from bringing a "short-gun" pleading in which it groups all defendants together and asserts all allegations in the complaint against the collective "defendants." Rather, in order to accuse multiple defendants of fraud, the Trustee was required to plead specific facts demonstrating that each defendant made a fraudulent statement. *Kemezis v. Matthew,* 2008 WL 5191587, at *2 (E.D. Pa. 2008). Conversely, a complaint that alleges actions taken by "Defendants" as a group does not state a claim against any defendant. *Island Green, LLC v. Querrard*, 429 Fed. App'x 90 (3d Cir. 2011); *see also Luminent Mortg, Capital, Inc. v. Merrill Lynch & Co.*, 652 F. Supp. 2d 576, 595 (E.D. Pa. 2009).

Second, all of the Complaint's allegations of fraud must satisfy the heightened pleading requirements of Rule 9(b), which requires that a plaintiff allege "all of the essential factual background that would accompany 'the first paragraph of any newspaper story' — that is, the

'who, what, when, where and how' of the events at issue." *In re Rockefeller Cir. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).

In addition to the Rule 9(b) standards, the Trustee's federal securities law claims are subject to the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b) ("PSLRA"), which requires a plaintiff to "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b). A plaintiff must therefore "set forth the details of allegedly fraudulent statements or omissions, including who was involved, where the events took place, when the events took place, and why any statements were misleading." *Rockefeller Ctr.*, 311 F.3d at 217. PSLRA also requires plaintiffs to allege facts giving rise to a "strong inference" of scienter with respect to each defendant. *Winer Family Trust v. Queen*, 503 F.3d 319, 337 (3d Cir. 2007) (holding that a strong inference is one that is equally or more compelling as inferences of non-fraudulent intent). A complaint that fails to satisfy these minimum pleading standards must be dismissed. *See* 15 U.S.C. § 78u-4(b)(3)(A).

The Trustee's Complaint in this action is completely bereft of any facts meeting these basic pleading requirements. The Complaint (a) does not identify any customer of Money Concepts that actually purchased DBSI securities or engaged in a DBSI transaction, (b) does not identify any allegedly false statements made specifically by Money Concepts to any such unidentified customer, or who made them, when, where and to whom, (c) does not allege that any (unidentified) Money Concepts customer acted in reasonable reliance upon any such false statement, and (d) does not allege that Money Concepts acted with the necessary scienter.

Simply stated, the Trustee's Complaint makes no attempt to identify any of these facts with the particularity necessary to state a viable federal securities fraud claim against Money

Concepts. Indeed, the Complaint fails to even give Money Concepts bare notice of the claims against it, much less the required detailed allegations of fraud. The Complaint is therefore facially defective and must be dismissed under PSLRA and Rule 9(b). *Morilus v. Countrywide Home Loans, Inc.*, 2007 WL 1810676, at *1, *6 (E.D. Pa. June 20, 2007) (dismissing fraud claim against multiple defendants that "did not specify who the plaintiffs met with at what time, what representations were made, and the nature of the alleged participation of each defendant in the fraudulent scheme"); *Allen Neurosurgical Assoc. Inc, v. Lehigh Valley Health Network*, 2001 WL 41143, at *1 (E.D. Pa. Jan. 18, 2001) (dismissing claims where plaintiff did not plead the date, place or time of the misrepresentations or identify who made the misrepresentations).

III.   <u>The Trustee's Complaint Fails To Allege That Money Concepts Made Any False Or Misleading Statements.</u>

The Complaint is also facially defective because it fails to identify any false or misleading written or verbal statement that was made by Money Concepts, as opposed to DBSI or some other party.

To the contrary, the entire Complaint is premised upon allegedly false and misleading PPMs and other offering materials that the Trustee concedes were prepared by DSBI. Under Rule 10b-5, however, only parties that "make[s] any untrue statement of a material fact" can properly be held liable in a private action arising under Rule 10b-5. *See* CFR 240.10b-5. A broker-dealer such as Money Concepts does not make any statement subject to Rule 10b-5 simply by distributing the statement of another party, or even by providing substantial assistance in the drafting of the statement. *Janus Capital Group, Inc. v. First Derivative Traders,* 131 S. Ct. at 2302 (holding that in the context of Rule 10b-5, "one who prepares or publishes a statement on behalf of another is not its maker"). Rather, in order to be held liable for making a false or misleading statement, a party must exercise ultimate control over the content. *Id.*

As the Trustee acknowledges in his Complaint, the only alleged misstatements at issue are set forth in the PPMs prepared solely by DBSI.  Complaint, ¶ 239.  There is no allegation that Money Concepts had any role in preparing any of the DBSI PPMs placed at issue in the Complaint, or that it had any control (not to mention the requisite "ultimate" control) over the content of the statements in the PPMs.  As such, Money Concepts is not the "maker" of any of the allegedly false or misleading statements, and the Complaint fails to state any proper basis for a Rule 10b-5 claim against Money Concepts.

IV. <u>The Complaint Also Fails To Plead Facts Raising A Strong Interference Of Scienter By Money Concepts.</u>

The Trustee's federal securities law claims must also be dismissed because there are no facts alleged in the Complaint showing that Money Concepts distributed any purportedly false and misleading DBSI's statement with an intent to deceive or defraud any of Money Concepts' unidentified customers.

It is axiomatic that in order to state a viable federal securities fraud claim the Trustee must allege facts demonstrating that Money Concepts acted with scienter in making or distributing a misstatement to its customers who invested in a DBSI securities offering.  *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1796 (2010); *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1323 (2011). Scienter is a "a mental state embracing intent to deceive, manipulate, or defraud," and PSLRA creates a special heightened pleading requirements for the scienter element of all § 10(b) fraud cases."  *See Matrixx Initiatives*, 131 S. Ct. at 1323; *Merck*, 130 S. Ct. at 1796.

Thus, under PSLRA, the Trustee is barred from merely asserting conclusory allegations of improper intent, and must instead allege facts suggesting a "strong inference of scienter," *i.e.,* one that is "cogent and at least as compelling as any opposing inference of non-fraudulent intent." *City of Roseville Ems. Ret. Sys. v. Horizon Lines, Inc.*, 2011 U.S. App, LEXIS 17701, at

*7-8 (3d Cir. Aug. 24, 2011).  In determining whether the Trustee has alleged facts that give rise to the requisite 'strong inference' of scienter, the Court "must consider plausible nonculpable explanations for the defendant's conduct, as well as inference favoring the plaintiff." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-324 (2007).

The Trustee's Complaint falls far short of these pleading standards, as it not only fails to allege facts showing that Money Concepts intended to defraud its customers by disseminating DBSI's PPMs that the firm knew or should have known were false, but it also fails to assert that this conclusion is more compelling than the inference that Money Concepts – like virtually every other party blind-sided by DBSI's purported fraudulent scheme – acted without any knowledge of the alleged fraud.  Instead, the Trustee generically alleges that all of the broker-dealer Defendants collectively "knew or should reasonably have known" that statements in DBSI's PPMs were not true.

These types of conclusory allegations of scienter categorically fail to satisfy PSLRA, as courts have repeatedly rejected general allegations that a party "must have known" that a statement was false.  *See In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 282 (3d Cir. 2006).  The Trustee must allege detailed facts demonstrating that Money Concepts itself – as a separate and distinct defendant – acted with the requisite scienter.  *See Winer*, 503 F.3d at 334, 337 (holding that a plaintiff may not utilize the "group pleading" doctrine to allege scienter in light of the strict pleading requirements of PSLRA).

Moreover, the Trustee's cannot establish scienter simply by alleging that Money Concepts should have known or would have discovered DBSI's allegedly fraudulent scheme through the exercise of reasonable care.  *See Ballay v. Legg Mason Wood Walker, Inc.*, 925 F.2d 682, 689 (3d Cir. 1991) (citing *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976)).  The

Trustee was instead required to plead at a minimum facts showing how and why Money Concepts acted recklessly in making a false or misleading statement to its customers concerning the DBSI securities transactions at issue. *See In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 535 (3d Cir. 1999) (citations omitted) (noting that a reckless statement is one 'involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it.'").  The Complaint is completely devoid of any allegations satisfying this standard, and must be dismissed for this reason alone.

V.     The Complaint Fails To Plead That Any Money Concepts Customer Who Is A Beneficiary Of The PAT Relied On The Statements In DBSI' PPMs.

The Trustee's federal securities law claims should also be dismissed because he has not alleged with any specificity that any Money Concepts customer who is a PAT beneficiary relied on any purportedly false statement made by Money Concepts.

Reliance is obviously an essential element of a 10b-5 claim. *Stoneridge*, 552 U.S. at 159; *Trump Hotels & Casino Resorts v. Mirage Resorts*, 140 F.3d 478, 487 (3d Cir. 1998).  To establish reliance, the Trustee must plead facts showing that "alleged misrepresentations induced [Money Concepts' customers] to do something different from what they would otherwise have done in making investment decisions." *In re NationsMart Corp. Sec. Litig.*, 130 F.3d 309, 322 (8th Cir. 1997).

The Trustee is precluded from relying upon any presumption of reliance and therefore must allege actual reliance.  To do so, the Trustee must allege facts establishing that every DBSI investor actually relied upon a specific fraudulent statement and decided to purchase a DBSI

security because he or she believed that a particular fraudulent statements was true. *Suprerna Specialties*, 438 F.3d at 284.

Suffice it to say, the Trustee has not and cannot make any actual, individualized showing of reasonable reliance because the Complaint fails to even identify a single actual customer of Money Concepts who engaged in any of the DBSI investments placed at issue in the Complaint. The Trustee's conclusory allegations that the unnamed DBSI investors "relied" upon DBSI's representations and "upon the creditworthiness and stated financial strength of DBSI" are insufficient as a matter of law.  Complaint, ¶¶ 282, 359. 302, 304.  These general allegations prove nothing, as DBSI's investors may have purchased DBSI securities for numerous reasons unrelated to the company's creditworthiness or financial strength. *See, e.g., Keirnan v. Homeland, Inc.*, 611 KU 785, 789 (9th Cir. 1980) (affirming judgment against plaintiff on 10b-5 claim because plaintiff "decided to invest in the project for tax purposes and because three other physicians decided to invest in the project, and not because of the defendants' misrepresentations and omissions.")

VI.    The Complaint Fails To Plead Loss Causation.

The Complaint is also fatally flawed because it fails to plead that any Money Concepts customer suffered losses caused by the misstatements or omissions in the DBSI PPMs. *See Dura Pharm. v. Broudo*, 544 U.S. 336, 341 (2005); *McCabe v. Ernst & Young*, 494 F.3d 418, 425 (3d Cir. 2007).

In order to properly plead loss causation, the Trustee must plead and prove "that it was the very facts about which the defendant lied which caused its injuries." *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004); *McCabe*, 494 F.3d at 426.  Conversely, the Trustee cannot recover for losses caused by a collapse in market prices generally or by an intervening cause unrelated to

the alleged false and misleading statements. *See, e.g., In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 273 F. Supp. 2d 351, 365 (S.D.N.Y. 2003) (dismissing complaint for failure to plead proper loss causation and noting that "when the plaintiff's loss coincides with a marketwide phenomenon causing comparable losses to other investors, the prospect that the plaintiff's loss was caused by the fraud decreases"); *Platsis*, 642 F. Supp. at 1279 (dismissing claims where collapse of the oil and gas market was caused by regulations and glut, not defendant's misrepresentation.)  The Complaint, however, does not contain any factual allegations establishing that any Money Concepts' customer suffered losses caused by the alleged fraudulent statements by DBSI, as opposed to market losses caused by the rampant real estate market collapse and subprime lending crisis that occurred in 2008.

VII.   The Trustee's State Law Claims Should Be Dismissed For Failure to State a Cause of Action Against Money Concepts.

The Court should also dismiss each and every one of the Trustee's state law claims because they suffer from the same fatal pleading deficiencies as the Trustee's federal securities fraud claim.

It is readily apparent that each of the Trustee's state law claims "sound in fraud" and are grounded upon the same general allegations that form the basis of his federal securities fraud claims. *See, e.g., Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (holding that where a plaintiff alleges and relies upon a unified course of fraudulent conduct as the entire basis for its claims, the complaint is grounded in fraud and as a whole must satisfy the particularity requirement of Rule 9(b)); *DeBlasio v. Merrill Lynch & Co., Inc.*, 2009 WL 2242605, at *11 (S.D.N.Y. July 27, 2009) (noting that a court is not constrained by the labels attached to claims, especially where "the gravamen of the complaint is plainly fraud and no effort is made to show any other basis for the claims ... .").  Because the "gravamen" of the

12

Trustee's state law claims is premised upon fraud, they are subject to the same pleading requirements of Rule 9(b).  As demonstrated above, the Complaint's falls well short of the requirements of Rule 9(b) and accordingly each of the Trustee's fraud-based state law claims against Money Cocnepts must be dismissed.

The Trustee's state law claims must similarly be dismissed for failure to satisfy the basic pleading requirements for breach of contract, common law fraud, negligence, and breach of fiduciary duty clams.

For example, the Trustee's breach of contract claim fails to even the identify the actual existence of a contract between Money Concepts and any customer who is a PAT beneficiary, or the terms of any such contract that were breached by Money Concepts.  *See VLJW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (to plead a breach of contract claim, plaintiff must first allege the existence of a contract); *Washington v. Geren*, 675 F. Supp. 2d 26, 35 (D.D.C. 2009) ("The amended complaint ... contains only a conclusory allegation of a breach of contract, devoid of any factual allegations, and does not meet the minimum requirements of [FRCP Rule 8]."); *Anderson v. Wachovia Mortg. Corp.*, 497 F. Supp. 2d 572, 581 (D. Del. 2007) (dismissing claim because plaintiffs "[have] not identified any express contract provision that was breached").

The Trustee likewise fails to state a proper breach of contract claim premised on alleged violations of FINRA Conduct Rules, as it is well settled that there is no private right of action for violation of industry or regulatory rules, including rules promulgated by FINRA.  *See Appert v. Morgan Stanley Dean Witter, Inc.*, No. 08-CV-7130, 2009 WL 3764120, at *3-4 (N.D. Ill. Nov. 6, 2009) (dismissing breach of contract claim based on a violation of FINRA rules).

The Trustee also fails to state any viable claim for breach of the covenant of good faith and fair dealing, as this claims does not exist in a vacuum in the absence of a breach of any actual or legally implied contract provision, which the Complaint fails to allege. *Anderson*, 497 F. Supp. 2d at 581 ("In order to plead successfully a breach of an implied covenant of good faith and fair dealing, the plaintiff must allege a specific implied contractual obligation ... .")

The Trustee's negligence claim against Money Concepts is also facially defective, because the Complaint failed to allege the existence of a duty between Money Concepts and its *unidentified* customers, the alleged breach of such a duty, or the existence of any losses or injury that was proximately caused by Money Concepts' breach of its duty. S*ee, e.g., Tillman v. Taro Pharm. Indus. Ltd.*, 2001 WL 3704762, at *5 (N.D. Ill, Aug. 17, 2011) (dismissing negligence claim); *Halchuck v. Williams*, 635 F. Supp. 2d 344, 346 (D. Del. 2009).

Lastly, the Trustee's claim for breach of fiduciary duty must be dismissed because the Complaint fails to allege facts showing that a fiduciary duty even existed.   Merely alleging the existence of a relationship between Money Concepts and its *unidentified* customers is insufficient to establish a fiduciary duty. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 232 (5th Cir. 2010).   Indeed, to the extent that Money Concepts' registered representatives provided non-discretionary advice and services to any customer who engaged in a DBSI transaction, there is no basis for the imposition of a broad-based, general fiduciary duty. *See, e.g., DeKwiatkowski v. Bear Stearns & Co.*, Inc., 306 F.3d 1293, 1306 (2d Cir. 2002) ("We are aware of no authority for the view that, in the ordinary case, a broker may be held to an open-ended duty of reasonable care, to a nondiscretionary client, that would encompass anything more than limited transaction-by transaction duties.").   Given the Trustee's failure to allege with specificity any actual transaction between Money Concepts and one of its customers relating to any of the DBSI

14

investments placed at issue, the Complaint fails to state any viable claim for breach of any fiduciary duty.

VIII. <u>The Court Should Decline To Exercise Supplemental Jurisdiction Over the Trustee's State Law Claims</u>.

Lastly, in light of the Trustee's wholesale failure to state a proper claim for violation of the federal securities laws, the Court should dismiss the remaining state law claims even if it determines that some or all of the state law claims have been properly plead. *See* 28 U.S.0 § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (finding that when the balance of the factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice); *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993) (noting that where a court retain jurisdiction over remaining state law claims, it would be burdened with adjudicating claims subject to dozens and dozens of different state laws).

Federal courts thus routinely decline to exercise supplemental jurisdiction over pendant state law claims when the federal claims have been dismissed at the pleading stage. *See Carnegie-Mellon Univ.*, 484 U.S. at 351 (holding that "[w]hen the single federal-law claim is eliminated at an `early stage' of the litigation, the district court has 'a powerful reason to choose not to continue to exercise jurisdiction.'); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ("A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage").

In addition, in the event the Trustee's federal securities law claims are dismissed, this Court lacks personal jurisdiction over Money Concepts, as there are no allegations in the Complaint showing that Money Concepts engaged in any DBSI transaction with any customer

residing in Delaware, or that Money Concepts – which is a Florida corporation with its principal place of business in Florida – has sufficient minimum contacts with Delaware that justifies the exercise of personal jurisdiction over Money Concepts.  *See Int'l. Shoe Co. v. Wash.*, 326 U.S, 310, 316 (1945).

## CONCLUSION

For all of the foregoing reasons, Money Concepts respectfully requests that this Court dismiss all of the Trustee's claims against it with prejudice, and grant Money Concepts such further and additional relief as the Court deems necessary and proper.

Respectfully submitted this 14th day of November, 2011.

 /s/ Eric D. Boyle
Eric D. Boyle (#3577)
Franklin & Prokopik
300 Delaware Ave., Ste. 1340
Wilmington, DE 19801
Telephone:  (410) 752-8700
Facsimile: (410) 752-6868
eboyle@fandpnet.com

-and-

AKERMAN SENTERFITT, LLP
Kathy M. Klock, Esquire
Florida Bar No. 348171
Jonathan B. Butler, Esquire
Florida Bar No. 0056197
222 Lakeview Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone:  (561) 671-3672
Facsimile:   (561) 659-6313
kathy.klock@akerman.com
jonathan.butler@akerman.com

*Attorneys for Money Concepts Capital Corp.*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2011, I electronically filed the foregoing, together with all exhibits and attachments, with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered CM/ECF participants.


/s/ Eric D. Boyle