# -EXHIBIT A-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Private Actions Trust,<br><br>        Plaintiff,<br><br>  v.<br><br>ADVISORY GROUP EQUITY SERVICES, LTD.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 1:11-cv-00475-GMS |

**PLAINTIFF'S SUR-REPLY BRIEF IN FURTHER OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR LACK OF STANDING AND SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Christopher Viceconte (No. 5568)
Gibbons P.C.
1000 North West Street, Suite 1200
Wilmington, DE 19801-1058
Telephone: (302) 295-4875
Facsimile: (302) 295-4876
cviceconte@gibbonslaw.com

Brian J. McMahon
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
bmcmahon@gibbonslaw.com

*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii
ARGUMENT ....................................................................................................................................... 1
CONCLUSION .................................................................................................................................... 4

## TABLE OF AUTHORITIES

Page(s)

**CASES**

Granfinanciera S.A. v. Nordberg,
   492 U.S. 33 (1989) .................................................................................................................. 3

In re Canopy Financial, Inc.,
   2011 WL 3911082 (N.D. Ill. 2011) ........................................................................................ 2

In re Direct Response Media, Inc.,
   10-10058, 2012 Bankr. LEXIS 41 (Bankr. D. Del. Jan. 12, 2012) ......................................... 1

In re Refco,
   2011 Bankr. LEXIS 4496 (Bankr. S.D.N.Y. Nov. 30, 2011) .................................................. 3

In re Washington Mutual, Inc.,
   2011 Bankr. LEXIS 3361 (Bankr. D. Del. Sept. 13, 2011) .................................................... 4

Kelley v. JPMorgan Chase & Co.,
   2011 WL 4403289 (D. Minn. 2011) ....................................................................................... 2

McCarthy v. Wells Fargo Bank, N.A. (In re El-Atrari),
   2011 U.S. Dist. LEXIS 133423 (E.D. Va. Nov. 18, 2011) ..................................................... 3

Ortiz v. Aurora Health Care, Inc. (In re Ortiz),
   Nos. 10-3465 & 10-3466, 2011 U.S. App. LEXIS 26009 (7th Cir. Dec. 30,
   2011) ........................................................................................................................... 1, 2, 3, 4

Sitka Enter., Inc. v. Segarra-Miranda, No. CV-10-01847-CCC,
   2011 U.S. Dist. LEXIS 90243 (D.P.R. Aug, 12, 2011) .......................................................... 3

**STATUTES**

11 U.S.C. § 105(a) ........................................................................................................................ 4

11 U.S.C. § 1123(b)(6) ................................................................................................................. 4

28 U.S.C. § 157(c) ........................................................................................................................ 2

28 U.S.C. §157(b)(2)(A) ............................................................................................................... 3

28 U.S.C. §157(b)(2)(C) ............................................................................................................... 4

28 U.S.C. §157(b)(2)(O) ............................................................................................................... 3

**RULES**

Rule 12(b)(1) ............................................................................................................................... 1, 5

**ARGUMENT**

James R. Zazzali, as Trustee of the DBSI Private Actions Trust ("PAT Trustee") respectfully submits this sur-reply brief, pursuant to Local Rule 7.1.2(b), in further opposition to Certain Defendants' ("Moving Defendants") Motion to Dismiss the Complaint for Lack of Standing and Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "Standing Motion" [D.I. 153, 154, 209]), in order to address the Ortiz v. Aurora Health Care, Inc. (In re Ortiz), Nos. 10-3465 & 10-3466, 2011 U.S. App. LEXIS 26009, (7th Cir. Dec. 30, 2011) decision ("Ortiz"), upon which the Moving Defendants rely in their Reply Brief [D.I. 209] and which was not issued until December 30, 2011, after the PAT Trustee filed his Answering Brief on December 22, 2011. [D.I. 195].

Stern v. Marshall, ___ U.S. ___, 131 S. Ct. 2594 (2011), and now Ortiz, hold that an Article I Bankruptcy Court lacks the power to enter a final judgment as to certain state law counterclaims, which can be finally adjudicated only by an Article III District Court. The action challenged here is not the entry of a final judgment by a Bankruptcy Court regarding a state law claim; it is the Bankruptcy Court's approval of an agreement creating a trust and the appointment of a trustee. Stern does *not* apply and the new authority relied upon by the Moving Defendants does nothing to change that fact. In fact, authority issued in this District since the filing of the PAT Trustee's opposition further demonstrates that the PAT's validity is unaffected by the narrow holding of Stern.[1]

---

[1] *See, e.g.*, In re Direct Response Media, Inc., 10-10058, 2012 Bankr. LEXIS 41, *33-34 (Bankr. D. Del. Jan. 12, 2012) ("The Court adopts the Narrow Interpretation and holds that Stern only removed a non-Article III court's authority to finally adjudicate one type of core matter, a debtor's state law counterclaim asserted under § 157.") Moreover, the PAT Trustee's "standing" to assert these claims also independently exists because the holders of the claims voluntarily assigned them to the PAT Trustee, as they might assign them to anyone. The PAT, although a lawful and proper mechanism, was not even necessary to effectuate the assignments at issue.

The Moving Defendants rely on the recently issued Ortiz decision to argue that the "PAT Trustee cannot skirt Stern by asking this Court to treat the Confirmation Order as a 'report and recommendation.'" (Reply Br. at 2.) In fact, the PAT Trustee does not have to "skirt Stern" as, for the plethora of reasons explained in the Trustee's opposition brief, Stern does not even apply.[2] Ortiz is a decision that analyzed the viability of two class action lawsuits brought pursuant to a health care *state statute*, Wis. Stat. § 146.84. The Ortiz court concluded that the Bankruptcy Court lacked authority to enter any form of final judgment because, "[l]ike the debtor's counterclaim in Stern v. Marshall, the *debtors' claims are based on a state law* that is independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy." In re Ortiz, 2011 U.S. App. LEXIS 26009, at *2-3 (emphasis added)(internal citations and quotations omitted). The claims at issue in Ortiz were "core" under the very subsection invalidated by Stern, 28 U.S.C. § 157. *Id.* at *6. Here, by contrast, the Bankruptcy Court adjudicated no state law claims. Rather, it adjudicated the Debtors' Chapter 11 Bankruptcy case, and in so doing confirmed a Plan, which Plan approved the creation of the Trust. Moving Defendants do not, and could not meritoriously challenge the Bankruptcy Court's authority to adjudicate the Debtors' Bankruptcy case, which, of course, is the Bankruptcy Court's reason for being. Rather, the Moving Defendants attempt to take Stern and Ortiz, two cases about adjudication of state law *claims*, and use them to somehow attack the

---

[2] Despite Ortiz, the well-established doctrine that the Bankruptcy Court may *hear* a "non-core" case (*i.e.,* one merely "related to" a bankruptcy proceeding) is left well intact. In such a case, the Bankruptcy Court is empowered to enter proposed findings of fact and conclusions of law. These will be submitted to an Article III District Court for *de novo* review and a final decision. *See* 131 S. Ct. at 2601-02, 2604, 2620; *see also* 28 U.S.C. § 157(c); Kelley v. JPMorgan Chase & Co., 2011 WL 4403289 (D. Minn. 2011) (Post-Stern, Bankruptcy Court's power to conduct proceedings and submit proposed findings to Article III District Court remains unquestioned); In re Canopy Financial, Inc., 2011 WL 3911082 (N.D. Ill. 2011) (same).

Bankruptcy Court's authority to mold the *relief* it issues (*i.e.*, the Plan) in Bankruptcy cases over which it plainly has authority. The square peg of Stern's jurisprudence concerning state law claims, does not fit into the round hole of the Bankruptcy Court's crafting of a Chapter 11 Plan.

This Plan approval process implicates distinctly different provisions of the Bankruptcy Code not addressed by Stern or Ortiz. Specifically, the required and permitted contents of a bankruptcy plan are governed by §1123 of the Bankruptcy Code, and the requirements for confirmation are set forth in §1129 of the Bankruptcy Code.[3] Moreover, neither Stern, Ortiz, nor any of the authority relied upon by the Moving Defendants questions the ability of a Bankruptcy Court to approve a private actions trust agreement.[4] Unlike the state law counterclaims at issue in Stern and Ortiz, the plan process and resulting administration and reorganization are truly the *sine qua non* of bankruptcy jurisdiction. Nothing in Stern or Ortiz affects the Bankruptcy

---

[3] Moreover, a bankruptcy court's authorization to determine whether a plan may be confirmed arises under 28 U.S.C. §157(b)(2)(A) & (O), the constitutionality of which was neither considered in Stern or Ortiz, nor subject to any reasonable dispute.

[4] Moving Defendants' reliance on Sitka Enter., Inc. v. Segarra-Miranda, No. CV-10-01847-CCC, 2011 U.S. Dist. LEXIS 90243 (D.P.R. Aug, 12, 2011), is similarly misplaced. As an initial matter, the Sitka decision has been criticized, including by Judge Drain in Refco, as "misread[ing] *Stern*" as a subject matter decision. In re Refco, 2011 Bankr. LEXIS 4496, *5 (Bankr. S.D.N.Y. Nov. 30, 2011). In Sitka, the district court, *relying solely on a footnote in* Stern, 131 S.Ct. at 2614 n.7, concluded that fraudulent transfer claims "cannot be adjudicated" by bankruptcy courts. Sitka, 2011 U.S. Dist. LEXIS 90243 at *7. Footnote 7 in Stern, however, is not the holding of Stern. Moreover, the quoted language relied upon by Sitka is not even a statement by the Stern court. Rather, the Stern court, in a textbook example of pure dicta, was merely clarifying and paraphrasing the public/private rights analysis in Granfinanciera S.A. v. Nordberg, 492 U.S. 33 (1989). *Id.* Whatever weight this Court chooses to give the language in footnote 7, it is most certainly not a "definitive finding" as the Sitka court calls it. *See id.* Furthermore, "*Sitka* did not address whether a bankruptcy court may continue to hear, but not finally decide, a fraudulent conveyance claim." McCarthy v. Wells Fargo Bank, N.A. (In re El-Atrari), 2011 U.S. Dist. LEXIS 133423, *14 (E.D. Va. Nov. 18, 2011). While dicta should sometimes be a consideration, where a case contains *ad infinitum* limiting language as in Stern, it is folly to elevate dicta over the Justices' express holding and admonitions to the contrary, particularly with respect to a fundamental aspect of the bankruptcy process such as plan confirmation.

Court's power to approve the establishment of the PAT or the appointment of its Trustee. As established above, <u>Stern</u> and <u>Ortiz</u> invalidated a Bankruptcy Court's exercise of a power reserved to the District Court by Article III: the power to enter final judgment on certain state-law counterclaims described in 28 U.S.C. §157(b)(2)(C). The action challenged here, by contrast, is the Bankruptcy Court's approval of the Plan establishing the PAT and appointing the PAT Trustee. There is a complete disconnect between what <u>Stern</u> and <u>Ortiz</u> prohibit and what the Bankruptcy Court did here.

The establishment of the PAT is not a "counterclaim by the estate." It is not a state-law cause of action. It is not the adjudication of a "case." The appointment of a PAT Trustee is not an exercise of judicial power requiring Article III salary and life tenure guarantees to be valid.[5] In short, it has nothing to do with <u>Stern</u> and/or <u>Ortiz</u>.

## CONCLUSION

The plan and confirmation provisions are fundamental tenets of title 11. Where the bankruptcy court determines, as it did in this case, that the creation of a private actions trust will further the provisions of the Bankruptcy Code, it is well within its statutory and constitutional

---

[5] Rather, as an integral component of the plan process, it constitutes the "meat and potatoes" of bankruptcy jurisdiction and a routine exercise of the Bankruptcy Court's broad authority under 11 U.S.C. §§ 105(a) and 1123(b)(6) (broad power to include in Plan any "appropriate provision not inconsistent with the applicable provisions of this title"). *Cf.* <u>In re Washington Mutual, Inc.</u>, 2011 Bankr. LEXIS 3361 *10-*20 (Bankr. D. Del. Sept. 13, 2011) (post-*Stern*, bankruptcy court retains power to approve settlements even if it would have lacked the power to adjudicate the underlying claims). The Moving Defendants have not — and cannot — challenge the Bankruptcy Court's ability to administer the underlying bankruptcy/liquidation. Instead, without any relevant support, the Moving Defendants appear to challenge the Bankruptcy Court's ability to approve an agreement it deems beneficial to the liquidation process. Bankruptcy judges have broad statutory authority to fashion appropriate remedies, including the authority to approve an assignment agreement such as the PAT. 11 U.S.C. § 105(a) ("The [Bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

power to so order. For the foregoing reasons and the reasons explained in Plaintiff's Answering Brief, Certain Defendants' Motion to Dismiss the Complaint for Lack of Standing and Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure should be denied.

Dated:  January 30, 2012 **GIBBONS, P.C.**

*/s/  Christopher Viceconte*
Christopher Viceconte (No. 5568)
1000 North West Street, Suite 1200
Wilmington, DE 19801-1058
Telephone:  (302) 295-4875
Facsimile:  (302) 295-4876
cviceconte@gibbonslaw.com